THOMAS B. HOOVER *vs.* WILLIAM WHEELER.

In 1841, D. executed and had regularly recorded a mortgage on his propert to H. for a note due in November of the same year ; and in 1845, H. filed his bill of foreclosure against the administrator of D. ; and during the pendency of the suit, W. in 1847, recovered a judgment against the estate of D. under the statute of 1840, for work and labor performed as a mechanic in 1844 for D., and had an execution issued on his judgment against the mortgaged estate of D., when the mortgagee (H.) filed his supplemental bill enjoining the sale, which was dismissed by the court below. *Held,* that the mortgagee was entitled to the full benefit of his mortgage from the time it was executed, and that D. could not make a subsequent contract to impair the rights of the mortgagee.

A receiver was appointed by the court below to collect the rents due on the estate, and defendant (W.) is entitled, by virtue of his mechanics' lien, to the rent of the premises, to go in satisfaction of his judgment, while they were in the possession of the representatives of D. or under their control ; to this amount the defendant's judgment will be enforced against the receiver, and the balance perpetually enjoined against the mortgaged property.

IN error from the circuit court of Madison county ; Hon. R. C. Perry, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*Lawson,* for plaintiff in error.

*A. H. Handy,* for defendant in error.

Hoover *v.* Wheeler.

Mr. Justice FISHER delivered the opinion of the court.

On the 20th of October, 1845, the plaintiff in error filed his bill in the circuit court of Madison county, against the administrators and heirs at law of Samuel H. Dinkins, deceased, to foreclose a mortgage executed by the said Dinkins, on the 25th of January, 1841, to secure the complainant in the payment of a promissory note for $3300, falling due the 15th of November, 1841. The deed of mortgage is made an exhibit to the bill, and appears to have been duly recorded by the clerk of the probate court of Madison county, on the 29th of March, 1841.

While this suit was depending, the defendant in error recovered a judgment by a proceeding in the circuit court of Madison county, under the statute of 1840, giving a lien to mechanics, and prescribing the remedy to enforce the same. This judgment was recovered at the April term, 1847, of Madison circuit court, against the administrators of the said Samuel H. Dinkins, deceased.

On the 19th of June, 1847, the complainant filed a supplemental bill against the defendant in error, alleging that execution had issued upon the said judgment, and that the mortgaged premises were about to be sold by the sheriff of said county under said execution by virtue of the said lien. An injunction was granted enjoining this sale. The defendant in his answer states, that complainant had full knowledge that the work was performed on the premises, while in the possession of Dinkins in the year 1844, and made no objections to the same. That after the death of Dinkins, complainant assisted in measuring the work, and that the property was enhanced in value to the amount of the work done.

It appears that on the 27th of October, 1847, a receiver was appointed to receive the rents on account of the dwelling-house upon which the mechanics' lien existed. By his report it also appears that the rent for the year 1846 amounted to the sum of $83.77, and for the year 1847 to the sum of $200. These sums, together with the rents thereafter, were decreed to the complainant.

At the hearing, the court dismissed the supplemental bill,

and pronounced a decree for the amount of the note and interest; and ordered a sale of the mortgaged estate, &c. This decree dismissing the supplemental bill constitutes the error complained of.

The points insisted on by the defendant in error, are, 1. That under the statute of 1840 the lien in favor of the defendant, by virtue of his contract made with Dinkins in 1844, is superior to the lien created by the mortgage executed at the time stated, and recorded in March, 1841. 2. That the complainant, having a full knowledge that the defendant as a mechanic was employed by Dinkins to make the improvements specified in the pleadings, and not objecting or dissenting, waived his lien under the mortgage to the extent of defendant's debt. 3. That the defendant is entitled to be paid his debt out of the rents, &c.

The first question we conceive has already been settled by this court, but if not, we have no hesitation in saying, that the complainant is entitled to the full benefit of his mortgage from the time it was recorded. Dinkins could not thereafter make a contract to impair this right of the complainant, and the defendant could acquire no greater rights under his contract in 1844, than Dinkins had power to confer. Defendant's rights could only attach to such interest as Dinkins actually had in the estate. The note secured by the mortgage was due in November, 1841, and from that period the mortgagor was in law a mere tenant at will of the mortgagee. Dinkin's interest or right in the estate was only such as the complainant might permit him to enjoy. But as long as possession of the estate remained in the mortgagor or his representatives, he or they were entitled to all the rights incidental thereto. It then follows, that the defendant will by virtue of his lien be entitled to such rents as accrued while possession of the estate was in the representatives of Dinkins, or under their control, which we will notice more fully at another place.

As to the second question, that the complainant waived his lien or rights under the mortgage, we have but little to say. When it was placed upon record, his rights were then protected by law. He had given such notice as the law had

Hoover v. Wheeler.

prescribed, and was not bound either to assent or dissent to any agreement, made by the person in possession, for improvements.

We now come to notice the third question, Whether the defendant is entitled to be paid his judgment out of the rents of the property. It has already been stated that on the 27th of October, 1847, a receiver was appointed for the purpose of collecting the rents and leasing the house, &c. Until the appointment of the receiver, the representatives or heirs of Dinkins must be regarded as in possession, and whatever rents were collected or contracted for before that time, the defendant would be entitled to.

Under this view of the case, the defendant will be entitled to the rents ($83.77) less the amount paid for taxes of 1846, and the rent for the year 1847, at the rate of $200 per annum, as reported by the receiver. As to these amounts, defendant's judgment will be enforced against the said receiver, who is required to pay the said sums or assign the evidences of debt to said Wheeler. The judgment of the defendant, as to the balance, will be perpetually enjoined as to the mortgaged property.

The decree of the court below dismissing the supplemental bill reversed, and decree in this court according to the above rule.