CIRCUIT COURT FOR THE COUNTY OF BAKER; VACATION AFTER MAY TERM, 1871.

GEORGE COGGAN AND GEORGE COGGAN, Administrator of the Estate of R. H. Mallory, deceased, PLAINTIFFS, *v.* S. B. REEVES, S. ALBERSON AND A. MOORE & BROS., partners, etc., DEFENDANTS.

MECHANICS' LIEN—FORECLOSURE.—Material-men must commence proceedings to foreclose their liens within a year from the date of filing their lien notices.

IDEM.—They must *commence* by filing a complaint.

IDEM.—The fact of a lien-holder being made a party defendant by a plaintiff, because his lien is subsequent to the one sought to be foreclosed, does not release him from the duty of strictly pursuing his statutory remedy.

THIS case came on to be heard upon a demurrer to the answer of certain of the defendants. The facts are sufficiently alluded to in the opinion.

*Wilson, Pierce & Lasswell,* for the demurrer.

*L. O. Sterns, contra.*

McARTHUR, J. This is a suit to foreclose a mortgage executed by defendant, S. B. Reeves, to R. H. Mallory, deceased, and George Coggan; and Anthony, Amasia and Albert Moore, being subsequent lien-holders, were made defendants on motion of the plaintiff. S. Alberson, having some interest in the event of the suit, was also made a defendant. The liens of A. Moore & Brothers are what are known as material-men's liens. They are three in number and were filed in the following order: the first for $503$\frac{27}{100}$, on May 17, 1869; the second for $41$\frac{60}{100}$, on December 3, 1869, and the third for $188$\frac{07}{100}$, on April 30, 1870. They are thus set forth in the answer of A. Moore & Brothers to the original complaint, which answer was filed on May 16, 1870. The plaintiffs and one of the defendants, to wit: Alberson, filed their demurrer to the said complaint on seventeenth of May, 1871, by permission and without objection.

The question raised by the demurrer and presented for judicial determination, is: Have these liens any present vitality? That is, are they valid existing liens, or have they become null and void by the non-compliance of the holders thereof with the law for the foreclosure of such liens?

I am of opinion that these liens have all expired. By the statute, liens of this character cease to exist at the expiration of one year from the time of filing the notice thereof, unless the party filing such lien-notice within that time *commences* an action, or suit, rather, to enforce the same in the circuit court of the proper county.

Section 50, p. 150, of the code of civil procedure, provides that "actions at law shall be commenced by filing a complaint," etc., and the provisions of the section apply and govern the mode of proceeding in suits as well as in actions.

The fact of a lien-holder being made a party defendant by the plaintiff, because his (defendant's) lien is subsequent to the one sought to be foreclosed, does not, in my opinion, release him from the obligation of strictly pursuing his statutory remedy.

In *Noyes* v. *Benton*, 17 Howard, 449, a case analogous to the one under consideration, it was held that a lien of like character ceased after a year, "because he (the lien-holder) has not done what the statute declares necessary to continue the lien in force after that period. During the year this court could continue the property or keep its proceeds in court, subject to the lien, if proper proceedings were taken to enforce it, and might perhaps obtain jurisdiction so far over the subject matter as to order the lien to be discharged by payments, if it were brought to a close within the year, or if proceedings were still pending for that purpose;" that is, for the purpose of foreclosing the lien by an independent suit.

I cannot look upon the answer of Moore & Brothers as an original complaint for the purpose of foreclosing their liens. Their answer simply advised the court of the fact that they had some interest in the mortgaged premises, which required

the interposition of a court of equity to secure or preserve. Had the original suit been disposed of within a year from the date of their lien-notices, then their interest in the mortgaged premises might have been ascertained and fully adjudicated, but when they saw the time limited to them by statute rapidly passing away without any probability of a final decree being entered in the original foreclosure suit, it was their duty to have *commenced* their suit to foreclose the liens in the manner and form provided by the statute.

The demurrer should therefore be sustained.