RICHARDSON VS. HICKMAN, ADM'R.

1. MECHANIC'S LIEN: *When Property in hands of Receiver*.

   The fact that property is in the hands of a Receiver, in an equitable proceeding, is no defense to an action to enforce a mechanic's lien against it.

2. CLAIMS AGAINST ESTATES: *Lien, Probate, etc.*

   When a creditor has acquired a specific lien on particular property during the life of the debtor, it may be enforced after his death, and the creditor need not resort to the general assets of his estate, through the Probate Court.

3. PROCESS: *Defect in Summons.*

In an action against an administrator his representative capacity was not stated in the summons; held, that the omission did not render the writ void, and the court should have directed it to have been amended, and not have quashed it.

APPEAL from *Bradley* Circuit Court.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*Carlton & McCain,* for appellants.

HARRISON, J.:

This was a petition filed by Warren M. Richardson, to which William J. Hickman, as administrator of Augustus M. Hargraves, deceased, and James M. Drummond, were made defendants, for the enforcement of a mechanic's lien.

The petition alleged that the petitioner is a mechanic, and, as such, at the instance and request of the said Hargraves, he did and performed for him work and labor in repairing the certain steam saw and grist mill belonging to him in Bradley County, situated in township sixteen, range eleven, and on the left of the road leading from Moco Bay to Johnsville for certain hire and wages amounting to the sum of $480, of which $80 only had been paid.

That the work was completed on the 14th of March, 1874, and, to save and perfect his lièn therefor on the mill, he filed with the clerk of the Circuit Court, on the 29th of May, 1874, an account of his demand showing the amount due, and containing a description of the mill as prescribed by the statute. That since the work had been done, but before the account was filed with the clerk, the said Hargraves had died, and the defendant William J. Hickman had been appointed his administrator; and that since his death the defendant James M. Drummond claimed an interest in the mill.

The petition was filed and summons issued on the 3d day of September, 1874.

The writ commanded the sheriff to summon Wm. J. Hickman, without stating his representative character, and James M. Drummond, to answer a complaint in equity, and the defendants, for that cause moved to quash it, which motion the court on the 23d day of March, 1875, sustained, and an alias summons was ordered returnable to the next term of the court.

Upon the return of the alias summons, the defendants filed an answer, in which they set up as a defense, that, before the commencement of the action, the mill had been,. by a proceeding in chancery, placed in the hands of a receiver, but the parties to, or the nature of the proceeding was not stated.

The plaintiff demurred to the answer as presenting no matter of defense. The court, upon the consideration of the demurrer, adjudged that the complaint showed no sufficient cause of action, and dismissed the suit.

The plaintiff appealed.

The matter shown in the answer was no defense to the action. The fact that the property was in the hands of a receiver could not affect the plaintiff's right of action, as a recovery by him and a sale under the judgment could not in any way impair the rights of the parties to the proceedings in equity, the statute expressly providing, and such would be the case we presume without such express provision, that persons interested in the property, who are not parties to it, shall not be bound by the proceeding to enforce the lien. Gantt's Digest, secs. 4064, 4068.

The possession of the receiver could not be disturbed by a purchaser under the plaintiff's judgment if he recovered in the action, but the purchaser would be entitled to become a party to the suit in equity, and set up his title against the other parties.

We are not apprised by the record, upon what ground the court held the complaint insufficient, or why it dismissed the suit. A cause of action was, we think, very clearly and fully

Richardson vs. Hickman, adm'r.

stated. If it was uncertain or indefinite in any respect, the defendants might, by motion, have had it made more specific; but we can see no such objection.

Counsel for the appellant suggests—the appellees have no counsel here—that the ground of the objection was that the plaintiff's claim had not been presented to the administrator for allowance, and as the suit was dismissed, and no judgment on the merits was rendered against the plaintiff, we suppose it was on that ground. But, if so, it was not well taken.

When a creditor has acquired a specific lien on particular property of his debtor during his life, it may be enforced after his death, and the creditor need not resort to the general assets of his estate, through the administrator in the Probate Court. *Hall* v. *Denckla*, 28 Ark., 506; *Nicholls & Barrett* v. *Gee*, 30 Ark., 135; *Barber* v. *Peay, adm'r*, 31 Ark., 392.

The statute gave the plaintiff a right of lien on the mill for his labor bestowed upon it, and Hargrave's death did not have the effect to deprive him of the power of perfecting his lien, which was before inchoate, by filing the account in the clerk's office, because it was for the plaintiff's benefit alone, and entirely independent of the will or assent of Hargrave.

The mistake or error in the original summons did not affect any substantial right of the defendants or render it void, and the court should have directed it to be amended, and not have quashed it. Gantt's Digest, sec. 4619; *Galbreath et al.* v. *Mitchell et al., supra*; *Rudd* v. *Thompson*, 22 Ark., 363; *Thompson* v. *Bremage*, 14 Ark., 59; *Mitchell* v. *Conley*, 13 Ark., 414.

The judgment of the court below is reversed, and the cause remanded, to be proceeded in according to law and not inconsistent with this opinion.