Miller v. Seal et al.

REVERSED.

---

MILLER v. SEAL ET AL.

1. Mechanic's Lien: PRIOR MORTGAGE: SEPARATE SALE OF IMPROVE- MENT: APPORTIONMENT OF PROCEEDS. Where there was a prior mortgage on the farm on which a new dwelling house was erected, for the materials for which plaintiff claimed the establishment of a mechanic's lien, and the house was securely built on a stone foundation, and covered a cellar suitable for its purpose, and it was stipulated that the land was not worth enough to pay both plaintiff and the mortgagee, but it did not appear what the land and improvement together were worth. *held* that the court below did not abuse the discretion vested in it by Chap. 100, § 9, par. 4, Laws of 1876, in refusing to order the separate sale and removal of the dwelling for the satisfaction of plaintiff's lien; and that, under the doctrine of *German Bank v. Schloth*, 59 Iowa, 316, and *Curtis v. Broadwell*, 66 Id., 662, the court properly decreed the mortgage to be a first lien on the whole property, and ordered a foreclosure sale accordingly.

*Appeal from Black Hawk District Court.*

TUESDAY, MARCH 15.

ACTION to foreclose a mechanic's lien for lumber furnished in the erection of a dwelling-house. From a time prior to that when the lumber was furnished, the defendant Lydia G. Seal had a recorded mortgage upon the land. The court decreed her mortgage to be paramount to the plaint-

iff's lien, not only as to the land, but as to the building for which the lumber was furnished. The plaintiff appeals.

*Platt & Hoff*, for appellant.

*Alford & Gates*, for appellees.

ADAMS, CH. J.—The defendant Seal filed a cross-petition asking for the foreclosure of her mortgage. The court granted a decree of foreclosure, and directed that the property be sold upon execution. The plaintiff insists that the court should have allowed the building for which the lumber was furnished to be sold and removed, and the proceeds to be applied first in payment of his debt. The statute upon which he relies may be found in Miller's Code, 577, and is as follows: "If such material was furnished, or labor performed, in the erection or construction of an original and independent building, erection or other improvement, commenced since the attaching or execution of such prior lien, incumbrance or mortgage, the court may, in its discretion, order and direct such building, erection or improvement to be separately sold under execution, and the purchaser may remove the same within such reasonable time as the court may fix."

The case seems to have been submitted upon a stipulation as to the facts. That part of the stipulation upon which the plaintiff relies, to show his right to a sale and removal of the house, is as follows: "After the execution and filing of said mortgage, the defendant Azza Brown (the owner of the land) purchased of Miller & Jackson, lumber merchants, certain material with which to erect an independent structure upon the first described property, which said structure consists of a dwelling-house securely builded upon a stone foundation, and covering a cellar suitable for its purpose; said house being so fastened upon and to the realty as to constitute a fixture thereupon."

It is evident that a sale and removal of a building would often, if not ordinarily, result in a sacrifice of property.

The house in question appears to have been newly built, and we may assume, in the absence of evidence to the contrary, that it was prudently built, and adapted to the needs of the farm. Such a building could not ordinarily be sold and removed without a loss, and this would be especially so if the building was built of brick, as this may have been, so far as the evidence shows. The court could not properly have made the order for which the plaintiff contends without due regard to the loss, if any, which would be involved, and without it was necessary to enable the holder of a mechanic's lien to obtain payment of his claim. If the land and improvements are of such value that the sale of them together would yield enough to pay both the plaintiff and mortgagee, they should manifestly be sold together. As to the value of the land and improvements, there is no evidence. It is stipulated that the land is not worth enough to pay both plaintiff and mortgagee, and that is all we know. The burden is upon the plaintiff to adduce sufficient evidence to show that the sale and removal of the building would be proper, in view of all the circumstances of the case. The evidence fails to satisfy us. We do not discover from it that the discretion vested in the court below was not wisely exercised.

Whether there should have been a decree that, upon the sale of the property, there should be an apportionment and distribution of the proceeds between the plaintiff and mortgagee, is a question upon which there might be some doubt, if we could regard the question as an open one. But we do not think that we can. It appears to us to have been settled in *German Bank v. Scholth*, 59 Iowa, 316, and *Curtis v. Broadwell*, 66 Id., 662. The construction adopted in those cases is assailed; but where the different parts of a statute, like the one in question, are inconsistent with each other, no ruling can be made that will not be open to objection. The court evidently attempted to follow the ruling in those cases, and we think that the judgment must be

AFFIRMED.