Argued 2 November; decided 14 November, 1898.

## CAPITAL LUMBERING CO. *v.* RYAN.

[54 Pac. 1098.]

1. MECHANIC'S LIEN—LIMITATIONS—INSTALLMENT PAYMENTS.—Under Hill's Ann. Laws, § 3675, making a mechanic's lien binding for only six months after its filing unless suit is brought to foreclose, the necessity of suing within the six months is not affected by the fact that the debt is payable in installments which do not all fall due within that time; and hence there can be no recovery as to those installments due more than six months before suit was brought, for a proper adjustment of the unmatured payments could have been made under Section 421 of Hill's Ann. Laws.

| 34 | 73 |
|----|-----|
| f35 | 75 |
| 34 | 73 |
| 36 | 408 |
| 34 | 73 |
| 38 | 214 |
| 34 | 73 |
| 40 | 44 |

2. RESTORING CANCELED MORTGAGE.—For convenience in assigning part of a secured debt, the mortgage, which was recorded, was canceled, and two mortgages were executed in its place, one of which was assigned to a buyer who knew that a building was going up on the land, but did not know that plaintiff had furnished material therefor, and did not make any inquiry as to there being outstanding claims against it. *Held*, that he was subrogated to the rights secured by the first mortgage: *Kern* v. *Hotaling*, 27 Or. 205, applied.

3. PRECEDENCE OF LIEN OVER MORTGAGE.—A mortgagee who knows of the erection of a building on the mortgaged property is not required to give the notice provided for by Hill's Ann. Laws, § 3672, in order to prevent a mechanic's lien taking precedence over his mortgage, since a mortgagee is not "a person having or claiming any interest" in the land.

From Marion :   HENRY H. HEWITT, Judge.

Bill by the Capital Lumbering Co. against R. R. Ryan, H. E. Noble, and others, to foreclose a lien.   Plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Carson & Fleming*, with an oral argument by *Mr. J. A. Carson.*

For respondent there was a brief and an oral argument by *Messrs. Richard W. Montague* and *H. J. Bigger.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to foreclose a mechanic's lien.   The facts are that on March 6, 1893, the defendant Ryan, being the owner of lots 1 and 2, in block No. 44, in the City of Salem, gave a mortgage thereon to the defendants, Easton and Chase, to secure the payment of $2,500, and, in April following, entered into a written contract with the plaintiff, wherein the company agreed to furnish the lumber then intended to be used in the construction of a building on one of the lots included in the mortgage, for the agreed sum of $666, and also such extra lumber as might be needed at the market price, to be paid for in monthly installments of $50 each, the first payment to

be made on the tenth day of May, 1893, and a like sum each and every month thereafter until the whole amount should be paid. On May 23, and after plaintiff had furnished the greater part of the lumber as agreed upon, and while the building was in process of construction, Easton and Chase sold to the defendant Noble a portion of the debt secured by the mortgage, and, in order to effect a division thereof, and to complete the sale and transfer, Ryan gave them two mortgages—one for $1,025, and the other for $1,500—in lieu of the former mortgage, which was canceled of record, and the mortgage for $1,025 was assigned and transferred by the mortgagees to the defendant Noble. The building was completed on the seventh of June, 1893, and plaintiff filed its claim of lien on the fifth of the following August for $834.21, being the aggregate amount of the contract price, and the extra lumber furnished, less $50 paid in May, and $80 on July 24, 1893. The suit was commenced on August 4, 1894, against Ryan and Noble to foreclose such lien, and afterwards Easton and Chase were made parties to the suit. All the defendants except Noble suffered default, and thereafter the suit proceeded against him alone. In his answer he denies the material allegation of the complaint, and, for an affirmative defence, sets up the circumstances under which the mortgage owned by him was executed, and prays that it may be given priority over the plaintiff's mechanic's lien, if such lien is established, on the ground that it was taken as a mere substitute for a part of the former mortgage, and in ignorance of plaintiff's claim. The court below held that the plaintiff was entitled to a prior lien on the building in the construction of which its material was used, except for such installments as fell due more than six months prior to the commencement of the suit, but

that Noble's mortgage was entitled to priority as a lien on the land, and a decree was entered accordingly. From this decree the plaintiff appeals.

Three questions were discussed by counsel at the hearing : First, as to whether the plaintiff was entitled to a lien for the installments which became due under its contract with Ryan over six months prior to the commencement of the suit; second, whether it was an original contractor, and therefore entitled to sixty days in which to file its lien, or a material man or lumber merchant, and only entitled to thirty days ; and, third, whether the lien of Noble's mortgage was entitled to priority on the land.

1.   The first question is clearly answered by the statute, which provides that no lien shall be binding for a longer period than six months after it shall have been filed, or after the expiration of the credit, if any has been given, unless suit be brought within such time to foreclose the same : Hill's Ann. Laws, § 3675. In this case, more than that time had elapsed after the expiration of the credit for all installments falling due on or before the fourth day of February, 1894, and, as to them, the plaintiff lost its lien. It was not required to wait until the last installment became due before bringing its suit, but could have brought it at any time within six months after the filing of the lien, and obtained a decree, as provided in section 421, which is made applicable to suits to foreclose mechanics' liens by section 3677.

2.   The second question becomes immaterial if Noble's mortgage on the land is entitled to priority over plaintiff's lien, as was decreed by the court below. Neither Noble nor any of his co-defendants have appealed, and therefore, as to them, the decree establishing the plaintiff's lien on the building, and determining the manner in which the property shall be sold and the proceeds dis-

tributed, is valid and binding, and the only question before us on the plaintiff's appeal is whether the court erred in decreeing that its lien was subject to Noble's mortgage.   Noble contends that the decree should not be disturbed, for the reasons (1) that plaintiff's alleged lien was not filed within the time required by the statute, and is, therefore, in fact, no lien at all; and (2) because in equity he is entitled to have his mortgage occupy the same position as to plaintiff's lien as the mortgage for which it was in part given as a substitute. Now, if his second position is sound, it necessarily follows that the plaintiff's appeal is unavailing, and the decree must be affirmed without reference to the other question.   It is a familiar rule of law that if one takes a new mortgage as a substitute for a former one, and cancels and releases the latter in ignorance of an existing lien upon the mortgaged premises, equity will, in the absence of some special disqualifying fact, restore him to his former position when it can be done without interfering with any new rights acquired on the faith of the altered condition of the record.   This doctrine was applied by this court in *Pearce* v. *Buell*, 22 Or. 29 (29 Pac. 78), and *Kern* v. *Hotaling*, 27 Or. 205 (50 Am. St. Rep. 710, 40 Pac. 168), and we think the facts of the case in hand bring it within the rule.

The evidence shows that some time in May, 1893, and while the building upon which plaintiff claims a lien was in process of construction, Easton and wife offered to sell to the defendant, Noble, the $2,500 mortgage held by Mrs. Easton, and the defendant Chase.   Noble declined to purchase the entire mortgage, but offered to take $1,025 of the amount secured thereby, which was accepted.   The mortgagees, however, were unwilling to assign the mortgage, as they still held some $1,500 of the original debt; and it was thereupon arranged that two

mortgages—one for $1,025, and the other for $1,500—should be taken from Ryan in lieu of the $2,500 mortgage and interest, and that the new mortgage for $1,025 should be assigned to Noble, and this was done accordingly. The new mortgages were not intended by any of the parties as a payment or satisfaction of the former mortgage, but as a mere substitute therefor, and were adopted as the most convenient way of effecting the transfer of a portion of the debt to the defendant Noble. Before making the purchase, Noble inspected the property covered by the mortgage, and knew that the building upon which the plaintiff claims a lien was uncompleted, but did not know that plaintiff had any claim thereon, or furnished any material therefor, nor did he make any inquiry as to whether there were any outstanding claims against the building, and it is urged that for this reason he is not entitled to the relief which he seeks. But the mere fact that a former mortgage was released, and a new one taken in place thereof, in ignorance of the existence of an intervening lien, is, in equity, deemed such a mistake of fact as will entitle the plaintiff to relief, although such lien is a matter of record: *Pearce* v. *Buell*, 22 Or. 29, 33 (29 Pac. 78); *Kern* v. *Hotaling*, 27 Or. 205 (50 Am. St. Rep. 710, 40 Pac. 168). And how much more meritorious is the demand for relief when the existing incumbrance is a mere inchoate right to a lien.

At the time this change was made in the form of the security for the original indebtedness, the lien of plaintiff had not been filed, nor had Ryan made default in his payments; and, this being so, it would be carrying the doctrine further than any adjudged case of which we have knowledge to hold that the defendant Noble is not entitled to have his lien restored to the position of the original mortgage as against the plaintiff's lien, simply because he knew that the building was then in process

of construction and uncompleted, and especially so when
such restoration does not interfere with any superior
equity.    At the time the plaintiff made the contract with
Ryan to furnish the lumber for this building, the $2,500
mortgage was a matter of record ; and it either knew or
is charged with knowledge of the fact that any lien which
it might acquire on the land by reason of its contract
would be subsequent and subject to the lien of such mort-
gage.    It sold the lumber to Ryan with knowledge of
that fact, and it parted with no property, nor did it
change its position in any way, in consequence of the
release of the first mortgage.    With the Noble mortgage
given the same position as the original, the plaintiff will
be in no worse position than before its cancellation, and
ought not be allowed to profit by a release of the former
mortgage made in ignorance of its intervening lien.    It
was not injured in any way by the change in the form of
the mortgage indebtedness.    Indeed, it is actually $1,500
better off than when its right to a lien accrued, because
Easton and Chase, who hold the $1,500 mortgage given
in part as a substitute for the original mortgage, have
suffered default, so that, under the decree as it now
stands, the plaintiff's lien takes precedence over such
mortgage.    We are, therefore, of the opinion that the de-
cree giving the defendant Noble's mortgage priority over
the plaintiff's lien ought not to be disturbed.

3.    It is further contended that a mortgagee knowing
of the erection of a building on the mortgaged property
must give notice, under Section 3672, Hill's Ann. Laws*,
to prevent a mechanic's lien taking precedence over his

---

*Section 3672: "Every building or other improvement * * * constructed
upon any lands with the knowledge of the owner, or the person having or claim-
ing any interest therein, shall be held to have been constructed at the instance
of such owner or person having or claiming any interest therein; and the interest
owned or claimed shall be subject to any lien filed in accordance with the pro-
visions of this act, unless such owner or person * * * shall give notice that he
will not be responsible for the same."

mortgage. But this section applies only to the owner of the land, and has no application to a mortgage lienholder: *Williams* v. *Santa Clara Mining Co.*, 66 Cal. 193 (5 Pac. 85).

AFFIRMED.