## COOPER MANUFACTURING CO. v. DELAHUNT.

[51 Pac. 649, 60 Pac. 1.]

1. APPEAL—MECHANIC'S LIEN—ADVERSE PARTY.—In a suit by a material man to foreclose a mechanic's lien against the owner of real property and his contractor, the latter is not an "adverse party" to an appeal by the property owner from a decree foreclosing the lien, where the answer of such owner does not claim affirmative relief against the contractor.

2. MECHANIC'S LIEN—STATEMENT OF AMOUNT DUE.—Though Hill's Ann. Laws, § 3673, requires a mechanic's lien claimant to file a claim containing a true statement of his demand, the court will not hold a lien void for a mistake in the claim filed, as to the amount due, where it is made in an honest belief as to its correctness: *Nicolai* v. *Van Fridagh*, 23 Or. 149, distinguished; *Rowland* v. *Harmon*, 24 Or. 529, followed.

3. Verification of Claim of Lien.—A mechanic's lien, filed by a corporation, and sworn to by its secretary, is sufficiently verified, under Hill's Ann. Laws, § 3673, requiring a claimant to file his claim, verified by oath of himself or some other person having knowledge of the facts.

4. Precedence of Lien Over Prior Mortgage.—The last clause of Section 3671, of Hill's Ann. Laws, which provides that all liens thereby created upon any building shall be preferred to all prior liens or mortgages upon the land upon which said building shall have been constructed or situated when altered or repaired, includes the original construction of a building; so that under that section a lien for material used in such construction has precedence as to the building over a mortgage which was a lien on the land before the building was commenced.

(Headnotes by Bean, J.)

From Multnomah :   Loyal B. Stearns, Judge.

Suit to foreclose a mechanic's lien by the Cooper Manufacturing Company against M. J. Delahunt, a lot owner, John Chandler, his contractor for a building thereon, and the Alliance Trust Company, who took a mortgage on the lot before the contract for the building was let.   From a judgment of dismissal the plaintiff appeals.   The defendant M. J. Delahunt moved to dismiss the appeal.   The motion having been overruled, the case was heard on its merits and a final decree entered in favor of the plaintiff.

Motion Overruled :   Reversed.

Decided 10 January, 1898.

On Motion to Dismiss Appeal.

[51 Pac. 649.]

*Mr. Geo. A. Brodie,* for the motion.

*Mr. Dell Stuart, contra.*

Per Curiam.   1.   This is a motion to dismiss an appeal. The transcript shows that plaintiff commenced this suit to foreclose a lien upon certain real property of the defendant M. J. Delahunt, for material furnished to the defendant John Chandler, who, by virtue of a contract with Delahunt, had charge of the construction of a house

for the latter on said premises. Chandler was made a party, and personally served with summons, but made default, and, the cause being tried on the issues raised by other parties, the court dismissed the suit, and plaintiff appeals, but did not serve Chandler with notice thereof. The question presented for consideration is whether he is an "adverse party" within the meaning of the statute, upon whom the notice of appeal must be served : Hill's Ann Laws, § 537. The term "adverse party" has been held to mean one whose interest in relation to the decree complained of is in conflict with the modification or reversal sought by the appeal : *Lillienthal* v.*Caravita*, 15 Or. 339 (15 Pac. 280) ; *Hamilton* v. *Blair*, 23 Or. 64 (31 Pac. 197) ; *The Victorian*, 24 Or. 121 (41 Am. St. Rep. 838); *Moody* v. *Miller*, 24 Or. 179 (33 Pac. 402) ; *Jackson County* v. *Bloomer*, 28 Or. 110 (41 Pac. 930). The statute makes every contractor having charge of the construction of any building the agent of the owner, for the purpose of binding the latter for the value of material furnished to be used in, or labor performed upon, such building, at the request of the former : Hill's Ann. Laws, § 3669. The contract is therefore entered into between the persons furnishing the materials or performing the labor and the owner, and while, perhaps, the contractor may have brought them together, he is not a necessary party to a suit to foreclose a mechanic's lien, unless a personal decree is sought against him by the owner: *Osborn* v. *Logus*, 28 Or. 303 (37 Pac. 456, 38 Pac. 190, and 42 Pac. 997). If the owner has settled with the contractor in full, he shall be entitled to recover from the latter any payment in excess of the contract price he may be compelled to make in discharging liens placed upon his property for which the contractor was originally the party liable : Hill's Ann. Laws, § 3679. The contractor, in such case, might be a necessary party ; but, before the court could

render any decree against him, the owner should allege in his answer such facts as would entitle him to the relief provided for in the statute.    This he has not done in the case at bar, and hence Chandler is not an adverse or necessary party to the appeal, and, such being the case, the motion is denied.                          MOTION DENIED.

Decided 19 February, 1900.

ON THE MERITS.

[ 60 Pac. 1.]

For appellant there was a brief over the name of *Dell Stuart*, with an oral argument by *Mr. Stuart* and *Mr. Lionel R. Webster*.

For the Alliance Trust Company there was an oral argument by *Messrs. Wm. D. Fenton* and *Earl C. Bronaugh, Jr.*, with a brief to this effect :

A *bona fide* mortgagee for value must be regarded as a *bona fide* purchaser within the letter and spirit of the mechanic's lien law, and there is no question that when the sale or mortgage is prior to the commencement of any work or delivery of any materials, it will be preferred to its full extent in a contest with mechanics. When a mortgagee has placed his mortgage upon record, his rights are then protected by law.    He has given such notice as the law has prescribed and is not bound either to assent to or dissent from any agreement for improvements made by the person in possession : *Capital Lum. Co.* v. *Ryan*, 34 Or. 73 (54 Pac. 1093); *Brooks* v. *Lester*, 36 Md. 95 ; *Foushee* v. *Grigsby*, 12 Bush (Ky.), 75 ; *Jessup* v. *Stone*, 13 Wis. 466 ; *Greene* v. *Sprague*, 120 Ill. 416 ; *Hoover* v. *Wheeler*, 23 Miss. 314 ; *Kiene* v. *Hodge*, 90 Iowa, 212 (57 N. W. 717); *Robinson* v. *Williams*, 22 N. Y. 380.

The mortgagor's right cannot be impaired by a con-tract which did not exist when the mortgage was made and to which he was not a party : *Sly* v. *Pattee*, 58 N. H. 102.

The mortgage is a first lien on the whole property and is to be first satisfied out of the proceeds of sale : *Miller* v. *Seal*, 71 Iowa, 392 (32 N. W. 391); *Kiene* v. *Hodge*, 90 Iowa, 212 (57 N. W. 717); *Oppenheimer* v. *Walker*, 3 Hun. 30.

Under a statute providing that a lien created by a me-chanic's lien shall be preferred to all other liens which may attach subsequent to the commencement of the build-ing, as provided by Section 3671 of Hill's Ann. Laws, a mortgage executed and recorded prior to the commence-ment of work on a building takes precedence of the me-chanic's lien, although the mortgage may not expressly provide for future advances, and although some of the money secured by the mortgage was not paid until after the work had begun, being used to pay for labor and ma-terials : *Martsolf* v. *Barnwell*, 15 Kan. 461, 464 ; *Robinson* v. *Consolidated Real Estate*, 55 Md. 105 ; *Bartlett* v. *Bilger* (61 N. W. 233–235); *Wisconsin Planing Mills Co.* v. *Chuda*, 72 Wis. 277 ; Phillips, Mech. Liens (3 ed.), § 237 ; *Moro-ney's Appeal*, 24 Pa. St. 372 ; *Bartlett* v. *Bilger*, —— Iowa, —— (61 N. W. 233).

Any building or improvement erected upon land subse-quent to the execution of a mortgage, becomes a part of the land and is subject to the existing incumbrances : *Inverarity* v. *Stowell*, 10 Or. 261–264 ; *Monticello Bank* v. *Sweet*, —— Ark. —— (43 S. W. 500).

For Delahunt there was a brief over the name of *Gearin & Brodie*, with an oral argument by *Mr. Geo. A. Brodie*.

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to foreclose a mechanic's lien. On March 29, 1895, the defendants Delahunt and wife executed and delivered to the defendant the Alliance Trust Company a mortgage on lots 9 and 10, block 64, in Irvington, a suburb of Portland, to secure the payment of a loan of $3,000, and on the next day it was recorded. Some time in the following month the defendant Chandler, as contractor, commenced the erection of a dwelling house upon the mortgaged premises for the Delahunts, for which the plaintiff furnished materials, and, in default of payment, filed a lien upon the building and premises, and in due time commenced this suit to foreclose the same.

2. On behalf of the Delahunts it is claimed that plaintiff's lien is invalid because it does not contain a true statement of its demand, and is not properly verified. The lien claim, as filed, shows a credit of $350, while the court below found that $400 had actually been paid to the plaintiff on account of material furnished for the building, and for this reason held the lien void. The statute requires a lien claimant to file with the county clerk of the county in which the building or other improvement is situate "a claim containing a true statement of his demand, after deducting all just credits and offsets;" and if, in filing such claim, he puts on record a statement which he knows to be untrue, or which he could have so known by the exercise of reasonable diligence, he loses his lien: *Nicolai Bros. Co.* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288). But where there is a mistake in the statement as to the amount due, made in the honest belief of its correctness, the courts will not for that reason hold the lien void: *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357). And such seems to have been the fact in this case. The evidence shows an honest controversy as to the amount

paid to plaintiff on account of material furnished for the Delahunt building. The plaintiff claimed that it was only $350, while the defendants Delahunt contended that an additional $50 which the plaintiff received from the contractor should have been credited as a payment upon the material furnished for their building. There was thus a difference of opinion between the parties, requiring evidence to ascertain the true facts; and there is no evidence that the plaintiff willfully and knowingly filed an untrue statement of his account, or that he made the statement carelessly or negligently. The court was therefore in error in holding the lien void.

3. Nor is there any merit in the objection that it is not properly verified. The statute provides that the claim must be verified by the claimant, or some one having knowledge of the facts: Section 3673, Hill's Ann. Laws. The lien in question was filed by a corporation, and verified by its secretary, which is a sufficient verification, under the statute.

4. The remaining question is one of priority between the mortgage of the trust company and the lien of the plaintiff. It is conceded that the mortgage, being prior in time, takes precedence over the lien of the plaintiff on the land upon which the building was constructed (*Capital Lum. Co.* v. *Ryan*, 34 Or. 73, 54 Pac. 1093, *arguendo*); but the contention for the plaintiff is that its lien upon the building is prior to the mortgage, and that it is entitled to a decree enforcing such lien against the building, and directing that it be sold separately from the land. Section 3671, Hill's Ann. Laws, provides that "A lien created by this act upon any parcel of land shall be preferred to any lien, mortgage, or other incumbrance which may have attached to said land subsequent to the time when the building or other improvement was commenced, or the materials were commenced to be furnished and placed upon

or adjacent to the land ; also to any lien, mortgage, or other incumbrance which was unrecorded at the time when said building, structure, or other improvement was commenced, or other materials for the same were commenced to be furnished and placed upon or adjacent to the land ; and all liens created by this act upon any building or other improvement shall be preferred to all prior liens, mortgages, or other incumbrances upon the land upon which said building or other improvement shall have been constructed or situated when altered or repaired ; and in enforcing such lien, such building or other improvement may be sold separately from said land ; and when so sold, the purchaser may remove the same, within a reasonable time thereafter, not to exceed thirty days, upon the payment to the owner of the land of a reasonable rent for its use from the date of its purchase to the time of removal,'' etc.   The case before us manifestly does not come within either of the first two clauses of the section, because they apply to liens attaching to the land after a building or other improvement is begun, or unrecorded at the time. It is the language of the third clause which calls for interpretation.   For the trust company the contention is that it gives priority to a mechanic's lien on a building, over prior mortgages or other incumbrances upon the land, for an alteration or repair of the building, only, and not on account of its original construction.   The statute is not clear, but it seems to us that its evident meaning is that all mechanics' liens shall attach to the building or other improvement in preference to prior liens, mortgages, or other incumbrances upon the land, whether such mechanic's lien is for the original construction, or the alteration or repair of the building.   It provides, in effect, that the liens created by this act upon any building or other improvement shall be preferred to all prior liens on the land upon which such building or other improvement shall

have been constructed, or upon which it was situate when altered or repaired. This seems to be the plain interpretation of the language of the statute, and, as the question must be determined from the statute alone, it is useless to refer to authorities elsewhere ; but see *Grand Opera House Co.* v. *McGuire*, 14 Mont. 558 (37 Pac. 607). It follows that the decree of the court below must be reversed, and a decree entered here in accordance with this opinion.

REVERSED.