Argued September 14; reversed September 27; rehearing denied November 10, 1932

## BRATZEL *v*. STAFFORD ET AL.

### (14 P. (2d) 454)

See 18 R. C. L. 957 (6 Perm. Supp., 4554.)

*Custer E. Ross,* of Salem (Jas. G. Heltzel, of Salem, on the brief), for appellant.

*W. H. Trindle* and *E. M. Page,* both of Salem (Guy O. Smith, Keyes & Page, Lars Bergsvik, and Geo. A. Rhoten, all of Salem, on the brief), for respondents.

CAMPBELL, J. On December 2, 1929, the defendant, L. D. Stafford, acquired title in fee simple to lot 16, in Hollywood, Marion county, Oregon, a tract of land with a dwelling house and a garage thereon. The deed of conveyance was duly recorded December 3, 1929.

The defendants, Hawkins and Roberts, Inc., made a loan to defendant Stafford of $2,000, secured by a mortgage on said property. The mortgage was duly recorded in the mortgage records of Marion county, Oregon, December 3, 1929, and is due and unpaid.

On or about December 12, 1929, defendant Stafford, without the knowledge of Hawkins and Roberts, Inc., undertook to have the buildings on said premises remodeled and improved.

The bills for lumber and material for the remodeling were not paid, and the mechanics and material men filed liens for their respective claims and subsequently instituted this suit to foreclose said liens.

The circuit court made its decree foreclosing said liens giving them priority on the buildings over the mortgage of defendants Hawkins and Roberts, Inc.; ordered the buildings to be sold separate from the land, giving the purchaser at said sale 30 days from the date of sale to remove the buildings or the right of retaining said buildings upon the land upon payment to the owner of the premises of five dollars per month.

Defendants Hawkins and Roberts, Inc., appeal.

It is admitted by both parties that the decree should be modified so as to eliminate that part of it which would allow the purchaser at the foreclosure sale to retain the buildings upon the land for a longer time than 30 days after sale.

The real and only question presented is: Should the mechanics' and material men's liens have priority over the mortgage?

This question involves the construction of the following section of the Code:

"A lien created by this act upon any parcel of land shall be preferred to any lien, mortgage, or other incumbrance which may have attached to said land sub-

sequent to the time when the building or other improvement was commenced, or the materials were commenced to be furnished and placed upon or adjacent to the land; also to any lien, mortgage, or other incumbrance which was unrecorded at the time when said building, structure, or other improvement was commenced, or other materials for the same were commenced to be furnished and placed upon or adjacent to the land; and all liens created by this act upon any building or other improvement shall be preferrd to all prior liens, mortgages, or other incumbrances upon the land upon which said buildings or other improvement shall have been constructed or situated when altered or repaired; and in enforcing such lien, such building or other improvement may be sold separately from said land; * * *'' Oregon Code 1930, section 51-103.

It would appear that the legislature intended by the foregoing enactment to protect the mortgagee in his security on the property that was pledged to him by the mortgagor. While it does not appear from the record, it is but fair to assume that the buildings on the land were permanent and by their construction became attached to and a part of the realty and could not be detached therefrom without lessening the value of the realty. It is contended by the lienors, although the record fails to disclose it, that by their labor and materials the value of the buildings have been increased, and, therefore, they are entitled to a prior lien on what their labor and materials have produced. This contention would be correct, if it were possible to sever the product of their labor and materials from the realty without diminishing the value of the mortgagee's security. This enhancement of value, if any, was made without the knowledge or consent of the mortgagee.

The Oregon lien law was adopted by Congress for the Territory of Alaska. The District Court of the Territory in commenting on *Cooper Mfg. Co. v. Delahunt,* 36 Or. 402 (51 P. 649, 60 P. 1), said:

"In that case, as in the Ryan case, 34 Ore. 73, 54 Pac. 1093, which it cites, the priority allowed to a mechanic's lien over a mortgage was for an entire new building, while in this case, it is claimed for alterations or repairs. I did not fail to give that fact due consideration, but the statute appeared to me to place alterations and repairs upon the same basis as original construction. In the Delahunt case, the mortgagee, according to Justice Bean's statement, contended that the priority upon a building allowed by the Oregon statute was only for alterations and repairs, and not for original construction.

"This seems to me to be wholly untenable, and the Oregon Court so decided. It is much more reasonable to argue, as counsel does in this case, that the statute only gives priority to original construction, for the reason that an entire building can be removed from the ground without damage to the original security, while to give priority for an alteration for a mortgaged building, may diminish the mortgaged security. In his opinion, Justice Bean used this language: 'The statute is not clear, but it seems to us that its evident meaning is that all mechanics' liens shall attach to the building or other improvement in preference to prior liens, mortgages, or other incumbrances upon the land, whether such mechanics' lien is for the original construction, or the alteration or repair, of the building.' * * * In this case, I think the unquestioned intent of the Oregon Legislature was to give a mechanics' lien to the full extent of the claim upon the property improved; but I do not think the Legislature intended in accomplishing that result to confiscate security already belonging to another." Wagner v. Shaw, 6 Alaska 647.

■ The statute intended that such priority of liens should cover such structures, additions or repairs as

may be detached from the land or the permanent buildings thereon without diminishing the value they had at the time a prior mortgage was recorded. This appears to be a reasonable and equitable construction to be placed upon the statute.

Liens are the creatures of the statutes of each state and we are unable to find any other state with a statute identical with ours in regard to this question; therefore, the decisions of the other states, being made under a different statute, are of little value in reaching a correct interpretation of the Oregon statute.

This construction is really not in conflict with the decision of *Cooper Mfg. Co. v. Delahunt,* supra, as the question of alterations or repairs was not necessarily under consideration therein. This decision distinguishes between severable and non-severable structures, alterations, repairs or improvements commenced or made subsequent to the execution and recordation of a mortgage without diminishing the value of the security.

■ While the defendants Hawkins and Roberts, Inc., in their answer, did not directly seek a foreclosure of their mortgage, yet they did ask for general relief and we think the decree in the case should foreclose their mortgage, order the property sold and the proceeds first applied to the satisfaction of the mortgage debt and any surplus applied pro rata on the labor or material liens, it being admitted that the mechanics' and material men's liens are equal in priority.

The decree of the circuit court will be reversed and the cause remanded with instructions to enter a decree in conformity with this opinion. Neither party to recover costs in this court.

It is so ordered.

BEAN, C. J., BROWN and BELT, J.J., concur.

Petition for rehearing denied November 10, 1932

ON PETITION FOR REHEARING

CAMPBELL, J. Counsel for respondent have joined with them several other eminent counsel and presented a brief to the court asking for a rehearing, contending that this court erred in holding:

"(1) The statute intended that such priority of liens should cover such structures, additions or repairs as may be detached from the land or the permanent buildings thereon without diminishing the value they had at the time a prior mortgage was recorded. This appears to be a reasonable and equitable construction to be placed upon the statute.

"(2) That the construction placed upon said statute was not in conflict with the decision of Cooper Mfg. Co. v. Delahunt, 36 Or. 403 (51 P. 649, 60 P. 1)."

The decision in *Cooper Mfg. Co. v. Delahunt,* supra, was written by the late Judge Robert S. Bean. Counsel in their petition for rehearing say:

"Judge Bean further states that the law provides that the lien created by the act is preferred to all prior liens on the land when the building is altered or repaired.

"This language is plain and definite. For over thirty years this interpretation has been acquiesced in by the law making department of our state and business generally."

Since writing our opinion, our attention has been called to an unpublished opinion of the late Judge Robert S. Bean, delivered orally on February 7, 1927, in the District Court of the United States for Oregon, in *Stockton Box Co., plaintiff, v. Shasta View Lumber and Box Co., defendant,* in which the same statute was under consideration.

"The contention of plaintiff, as I understand it, is that this statute was only intended to give priority

for work or labor performed in the erection or repair of a building which had been constructed on the land after the date of the mortgage, or after the mortgage lien had attached and not to the repair of a building which is described in the mortgage as part of the property covered thereby.

"The language of the statute is not clear and the Supreme Court of the State, as far as I am advised, has never construed this section. In Cooper Mfg. Co. v. Delahunt, 36 Or. 403, 60 P. 1, the court had before it for consideration the question of whether work performed in the construction of a building on real property after a mortgage had attached was within the terms and provisions of the statute. In that case, however, the building was constructed after the mortgage had attached, and the only question was whether the statute intended to give a lien for the construction of such building or was confined to repair and alteration thereof, and it was held that it applied to the construction of a building as well as alteration and repair. There is some language in the opinion, taken from the text, which would indicate that the court was of the opinion that the mechanic's lien took precedence over a prior recorded mortgage—a mechanic's lien for a construction of a building on the premises took precedence over a prior recorded mortgage, but in this, as in all cases, the language must be interpreted with reference to the facts before the court. It seems to me that it cannot be supposed that the legislature intended to impair the validity of a valid lien without clearly so stating in the statute. To provide that the mechanic should have a lien for the alteration of a building that was covered by a prior mortgage might, in some instances, absolutely destroy the mortgagee's security.

"The states of Iowa, Missouri and Arkansas have statutes very similar to ours, and in each of these states it has been held that a mechanic's lien does not take precedence or priority on a building on the land at the time the mortgage was given. As far as I have been able to ascertain there is no provision in the Oregon

statute by which a mortgagee can protect himself against such a lien. There is provision by notice for the owner of the property, and a method by which the owner may protect himself but not a mortgagee, and the mortgage, at the time this material was furnished and the labor performed was of record, was a lien upon the property and was notice to the lien claimant of the existence of the mortgage, and under those circumstances one who repairs or alters a building upon which there is a valid mortgage does so with knowledge of the existence of the mortgage. To hold otherwise would be, as said in the Supreme Court of Missouri in one of its cases, to put it in the power of the mortgagor to destroy the security by causing the building to be improved at an expense which the estate improved would not be able to pay. And therefore I take it that the plaintiff is entitled to a decree in this case and the mechanic's lien is subject to the plaintiff's mortgage.''

We could not put the matter in clearer or more definite terms.

The petition for a rehearing will be denied.