Argued January 18; affirmed February 13, 1935

## RESIDENTIAL FINANCE CO. *v.* LARKIN ET AL.

(40 P. (2d) 1008)

*Arthur Lewis,* of Portland (Lewis, Lewis & Finnigan and David Robinson, all of Portland, on the brief), for appellant.

*Gus C. Moser,* of Portland, for respondents.

CAMPBELL, C. J. On April 4, 1932, and for some time prior thereto, defendants, Thomas Larkin and Agness L. Larkin, were the owners of the north one-half (½) of lots one (1) and two (2), block one hundred and twenty-two (122) in West Irvington, city of Portland, county of Multnomah, state of Oregon. On that date, they borrowed from defendant Robert W. Irish the sum of $3,500 for which they gave their promissory note bearing interest at the rate of seven per cent per annum. This note was secured by a mortgage on the

said premises. This mortgage was duly executed and acknowledged so as to entitle it to be recorded and thereafter, on April 5, 1932, was duly recorded in the office of the county clerk of Multnomah county, Oregon.

The Superior Roofing Co., Inc., an Oregon corporation, on June 4, 1932, entered into a contract with defendants Larkin to make certain alterations and repairs on a building situated on the above described real property. It performed labor and services and furnished material of the agreed value of $188. No part of the same was paid except the sum of $8. On July 7, 1932, the Superior Roofing Co., Inc., duly filed its mechanics' lien against said property for the said sum. Thereafter on July 26, 1932, for a valuable consideration, said Superior Roofing Co., Inc., sold and assigned all its right, title, and interest in and to said lien and claim to plaintiff herein. The amount claimed in the lien not being paid, on January 14, 1933, plaintiff filed in the circuit court for Multnomah county its complaint to foreclose the same, making Thomas Larkin, Agness L. Larkin, Title and Trust Company, an Oregon corporation, and Robert W. Irish, defendants, and asked that its lien be foreclosed and declared a first lien and superior to any claim of any of the defendants, and for $75 attorney's fees.

To this complaint, defendant Robert W. Irish filed his answer, which, in effect, admitted all the allegations of the complaint but denied that plaintiff's lien was superior to his lien of mortgage. For a further and separate answer and by way of counterclaim, he alleged facts showing the execution of the note and mortgage and the recording thereof and that the sum was past due and unpaid and asked that his mortgage be foreclosed and declared a first lien against said property.

The other defendants defaulted.

Upon trial the circuit court entered judgment and decree in favor of plaintiff and against Thomas Larkin and Agness L. Larkin for the amount of its claim and $75 attorney's fees; gave Robert W. Irish judgment against Thomas Larkin and Agness L. Larkin for $3,500 with interest at the rate of 7 per cent per annum and $300 attorney's fees; foreclosed his mortgage and declared it a first and superior lien over that of plaintiff's mechanics' lien. From that decree plaintiff appeals.

The only question presented by the record or in the brief is: Does a mechanics' lien for material and labor furnished in the alteration and repair of a building, commenced and made subsequent to the date of record of a duly executed and recorded mortgage, take precedence over such mortgage?

This is the identical question presented to this court in *Bratzel v. Stafford*, 140 Or. 661 (14 P. (2d) 454, 16 P. (2d) 991), decided September 27, 1932, and rehearing denied November 10, 1932, after full and careful consideration. We have examined the authorities again and see no reason why we should come to a different conclusion in the instant case. On the authority of *Bratzel v. Stafford,* supra, the decree in the instant case will be affirmed.

It is so ordered.

KELLY, BELT and ROSSMAN, JJ., concur.