Argued November 28, 1956, affirmed February 21, 1957

# OTNESS *v.* OREGON LIVESTOCK COOPERATIVE
## ET AL

# YOUNGBERG ET UX *v.* OREGON LIVESTOCK
## COOPERATIVE ET AL
### 307 P. 2d 320

*Irving Rand,* Portland, argued the cause for appellant Erick Otness. With him on the briefs was George W. Mead, Portland.

*Clifford S. Beckett,* Oregon City, argued the cause and filed briefs for respondent and appellant Williams Plumbing Company.

*W. C. Winslow,* Salem, argued the cause for respondents Albert W. Youngberg and Lucy F. Youngberg. With him on the briefs was Roy A. McCourry, McMinnville.

Before WARNER*, Chief Justice, and ROSSMAN, PERRY** and McALLISTER, Justices.

ROSSMAN, J.

This cause is before us upon two appeals from a decree which the circuit court entered in two suits which were consolidated for the purposes of trial. The suits involved the claims of various creditors of the Oregon Livestock Cooperative against its assets. The Cooperative is an entity which was created under the provisions of ORS 62.010 through 62.990.

In one of the suits, Erick Otness, a building contractor, sued (1) to recover judgment against the Oregon Livestock Cooperative in the sums of $7,933.95 for labor and material, $750 for the services of his attorney, and smaller amounts for interest, costs, disbursements and filing fees; (2) to establish a lien in the amounts just indicated under the provisions of ORS 87.005 through 87.075; and (3) to foreclose the lien. Named as defendants were the Cooperative, V. C. Doppleb, as receiver, Albert W. Youngberg and Lucy F.

---

* Chief Justice when this cause was argued.
** Chief Justice when this decision was announced.

Youngberg, mortgagees of the Cooperative, Williams Plumbing Company, and several other secured and unsecured creditors.

The second suit was brought by the Youngbergs to foreclose their mortgage. Otness, the Cooperative, M. J. Brenda, Doppleb's successor, as receiver, Williams Plumbing Company, and other secured and unsecured creditors were named as defendants.

In so far as it is challenged by these appeals, the decree, after awarding the Youngbergs judgment for the amount of their note, plus interest and expenses, ordered the foreclosure of their mortgage as a first lien on the land and its improvements. The challenged decree also entered judgment in favor of Otness for the amount of his lien plus interest and expenses. It then decreed foreclosure of the lien as secondary in priority only to the Youngberg mortgage. Finally, the decree held that the Williams Plumbing Company was entitled to no lien and relegated that concern to the status of a general creditor.

Otness appeals from the portion of the decree which granted the Youngberg mortgage priority over his lien, and Williams appeals from the portion of the decree which held that it had no lien.

The Oregon Livestock Cooperative began operations in June of 1949. The members of its board of directors were optimistic about the prospects for success of their venture, but the latter was badly in need of cash. A bank loan not being readily available, Youngberg, who was a member of the Cooperative and one of its directors, loaned the sum of $20,000 to the Cooperative in return for its note secured by a mortgage on land and plant. The mortgage was dated July 26, 1949, and recorded on July 28, 1949. The purpose of the loan was to provide the Cooperative with working

capital and to enable it to have improvements made upon its plant. The latter project was in conformance with the request of federal inspectors.

Between October 22, 1949, and December 31, 1949, Otness did extensive work on the plant. December 29, 1949, he furnished the Cooperative a statement of the labor and materials he had supplied totaling $7,933.95. February 15, 1950, he filed his lien notice with the Clackamas county clerk. No part of his claim having been paid, Otness filed this suit on July 14, 1950.

Williams Plumbing Company is unpaid for labor and materials expended during the installation of plumbing for the Cooperative from April, 1949, to December, 1949. It had been paid for prior periods. It filed a notice of lien with the Clackamas county clerk in the amount of $5,163.62 on February 15, 1950. Because of subsequent payments the claim has been reduced to $4,663.62. August 1, 1950, Williams submitted its claim to the receiver who had been appointed April 17, 1950. Notice of foreclosure of lien was sent to the Cooperative on August 4, 1950. Williams did not file suit to foreclose its lien.

■ Otness contends that the court erred in granting the Youngberg mortgage priority over his lien. The pertinent statutory provisions are subsections (2) and (3) of ORS 87.025:

"(2) All liens created under ORS 87.010 upon any improvement shall be preferred to all prior liens, mortgages or other encumbrances upon the land upon which the improvement was constructed;
* * *.

"(3) No lien for materials or supplies shall have priority over any recorded mortgage on either the land or building unless the person furnishing such material or supplies, not later than seven days

after the date of the first delivery of material or supplies for which a lien may be claimed, delivers in person and evidences the delivery by receipt thereof, or mails by registered letter to the owner of record of such mortgage recorded at the time of the commencement of the delivery of such material or supplies, a notice in the form provided by ORS 87.020.''

The provisions of subsection (2) of ORS 87.025 are dispositive of the priority issue. In construing the subsection, it has long been held by this court that a mechanic's lien for material and labor furnished in the alteration or repair of a building, commenced and made subsequent to the date of record of a duly executed mortgage on the building and land, does not take precedence over the mortgage. *Bratzel v. Stafford,* 140 Or 661, 14 P2d 454, 16 P2d 991; *Residential Finance Co. v. Larkin,* 149 Or 410, 40 P2d 1008.

The appellant Otness appears to believe that the rule enunciated in the Bratzel and Residential Finance cases was in some manner changed by the addition of subsection (3) to ORS 87.025 (chapter 527, Oregon Laws, 1939) which was enacted after those cases were decided. We do not agree and adhere to the rule enunciated in those decisions and later approved in *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 274 P2d 804. If the legislature intended to change this rule by allowing, under some circumstances a lien for the alteration or repair of a building, priority over a prior recorded mortgage it would have done so by clear and direct language rather than by any implication which might be read into subsection (3) of ORS 87.025. Instead of granting a lien any priority over a prior recorded mortgage, subsection (3) merely further restricts the circumstances under which a lien for mate-

rials or supplies may have priority over a recorded mortgage by requiring the giving of notice in compliance with the statute.

Counsel would engraft onto subsections (2) and (3) of ORS 87.025 an exception; namely, that if the mortgagee had actual notice of the ordering of the work, his priority is lost. Although it is not conceded that Youngberg had such notice in this case, we are not inclined to so interpret the statute.

The Youngberg mortgage was properly given priority over the Otness lien.

■ The sole issue in the Williams appeal is whether one claiming a lien under ORS 87.010 is excused from compliance with the provisions of ORS 87.055 by filing a claim with a receiver based upon the lien. ORS 87.055 reads:

> "No lien described in ORS 87.010 shall bind any improvement for a longer period than six months after the lien is filed unless suit is brought in a proper court within that time to enforce the lien, * * *."

Strict compliance with the provisions of the early counterparts of ORS 87.055 has been required in this state. *Coggan v. Reeves,* 3 Or 275, was a suit to foreclose a mortgage in which lien-holders were joined as defendants. The court held that the liens had become null and void because of the failure of the lien-holders to commence suit within the statutory period, and that their answer in the suit was not compliance with the statute. See, also, *Fleshman v. Whiteside,* 148 Or 73, 34 P2d 648.

*McDermott v. Tolt Land Co.,* 101 Wash 114, 127 P 207, is relevant to our considerations. In that case, an employer was adjudicated a bankrupt after plain-

tiffs had filed notices of lien claims for wages. Plaintiffs filed their claims with the referee and they were allowed but not paid. After the statutory period for bringing an action to foreclose the liens had expired, plaintiffs brought actions to foreclose their liens. Judgment for defendant was affirmed on the ground that the filing of the claim in bankruptcy was not equivalent to the commencement of a suit to foreclose.

The New Jersey authorities presented by Williams have been reviewed, but we decline to embrace the rule which they enunciate. In one of the earliest of the New Jersey decisions, *Ennis v. Eden Mills Paper Co.,* 65 NJL 577, 48 A 610, four judges joined in a dissenting opinion.

We, therefore, affirm the court's decision that Williams was properly denied the status of a secured creditor because of its failure to comply with the provisions of ORS 87.055.

The decisions of this court in *Title Guarantee and Trust Co. v. Wrenn,* 35 Or 62, 56 P 271, and *Brakebush v. Aasen,* 126 Or 1, 267 P 1035, do not require a different conclusion. In the Title Guarantee case it was held that in a suit to foreclose a mechanic's lien, all lien-holders who were joined as defendants and filed answers were deemed to have complied with the counterpart of ORS 87.055 there applicable. The court said:

"* * * section 3677, (see ORS 87.060 (4)), a part of the same act, provides that in a suit to foreclose a mechanic's lien all other lienholders whose claims have been filed shall be made parties, and under this section we take it that a suit to enforce a particular mechanic's lien is, in effect, a proceeding to enforce the liens of all lien claimants, parties to the record, and the filing of an answer by a defendant in such proceeding is as much a

compliance with the statute as the beginning of the original suit: * * *."

*Brakebush v. Aasen,* supra, was a suit to collect wages from a receiver. The relief requested included a prayer for foreclosure of a lien, but it was held that the lien could not be foreclosed because the property (logs) had been taken out of the state during the pendency of the suit. Plaintiffs were entitled, however, to preferred payment under a different statute. It was added that the regular practice would have been for plaintiffs to have presented their claims to the receiver, but it was not said that they would have been entitled to foreclose their lien in that proceeding.

Our present holding should not be interpreted as relieving the lien claimant from the necessity of satisfying his lien before the court administering the receivership proceedings. We expressly declare, however, that if the claimant requests preferred status as the holder of a lien under ORS 87.010 he must perfect the lien before he is entitled to reap its benefits.

Other jurisdictions have likewise allowed the lien claimant to bring his lien to judgment outside the receivership proceedings, although barring execution of the judgment except through the receivership. *Fisher Foundry and Machine Co. v. Susquehanna Iron and Steel Co.,* 23 Lanc. Law Review (Pa) 398; *Richardson v. Hickman,* 32 Ark 406; and see *McDermott v. Tolt Land Co.,* supra.

The challenged decree is affirmed.