### WAGNER v. SHAW et al.

(Fourth Division. Fairbanks. July 12, 1922.)

No. 2343.

**Mortgages ⬡⟶151(3)—Mechanics' Liens—Priority.**

Plaintiff sued to foreclose a real estate mortgage upon a lot and a large hotel building. Alterations and repairs were made on this building subsequent to the giving and recording of the mortgage, and mechanics' liens for such alterations had been filed. These claimants intervened and claimed preference right ahead of the prior mortgage lien. *Held*, the mechanics' liens being for alterations upon the hotel building upon which plaintiff had the prior mortgage, they are for that reason subsequent in point of equity, and subsequent to the prior mortgage on the altered building.

R. F. Roth, of Fairbanks, for plaintiff.
John A. Clark, of Fairbanks, for lienholders.

⬡⟶See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RITCHIE, District Judge.  In this case I am inclined to change my ruling, not because I have changed my opinion as to the probable meaning of the statute involved, but because I have failed to give sufficient weight to another principle which I think is entitled to prevail, and that is, that when a statute is susceptible of two constructions, and one construction more nearly accords with equity than the other, it should be adopted.  In this case I think all the equity is in favor of the construction contended for by counsel for the mortgagee, although I am still of the belief that the view I first took accepts the more natural meaning of the language employed by the statute.

The original decision was rested mainly upon the language of Justice Bean in Cooper Mfg. Co. v. Delahunt, 36 Or. 402, 51 Pac. 649, 60 Pac. 1.  In that case, as in the Ryan Case, 34 Or. 73, 54 Pac. 1093, which it cites, the priority allowed to a mechanic's lien over a mortgage was for an entire new building, while in this case it is claimed for alterations or repairs. I did not fail to give that fact due consideration, but the statute appeared to me to place alterations and repairs upon the same basis as original construction.  In the Delahunt Case the mortgagee, according to Justice Bean's statement, contended that the priority upon a building allowed by the Oregon statute was only for alterations and repairs, and not for original construction.  This seems to me to be wholly untenable, and the Oregon court so decided.  It is much more reasonable to argue, as counsel does in this case, that the statute only gives priority to original construction, for the reason that an entire building can be removed from the ground without damage to the original security, while to give priority for an alteration of a mortgaged building may diminish the mortgage security.  In his opinion Justice Bean used this language:

"The statute is not clear, but it seems to us that its evident meaning is that all mechanics' liens shall attach to the building or other improvement in preference to prior liens, mortgages, or other incumbrances upon the land, whether such mechanic's lien is for the original construction, or the alteration or repair, of the building."

It seems to me this language means just what it says, that a lien for alteration or repair, as well as original construction, takes precedence even of a prior mortgage.  Counsel for the mortgagee contends that the statement, "prior lien upon the

land," means a prior lien upon the land alone; but this contention necessarily leaves unmentioned by the statute alterations and repairs upon a mortgaged building, and it also ignores, as to such alterations and repairs, the undoubted object and purport of the statute, which is to protect all liens for alterations and repairs, as well as new construction. Counsel forcefully argues that the construction I have accepted gives the entire building to a lienor for mere repairs, which often, or usually, are of much less value than the building, and therefore it practically confiscates the mortgagee's security upon the original building, and makes the mortgage subject to the later lien. This is true; but, if it does not give that security where division is impossible, then it totally fails to give such alterations a first lien for their value, which it is the undoubted object of the statute to secure.

The following dilemma results: The statute must either give extra security to the lien, or it must violate the rule, "Prior in time, first in right." That is, it must give extra security either to the mortgage or to the lien, but that is the fault of the law. One construction violates a settled principle of law, and the other totally fails to give security to the lien which the law intends. If it had been the intent of the law to defer repairs and alterations wholly to a prior mortgage, it should have said so. As Justice Lamar says, in passing upon a doubtful statement in a statute, in U. S. v. Chase, 135 U. S. 259, 10 Sup. Ct. 756, 34 L. Ed. 117, it is not a reasonable construction of the statute to express its meaning in a general and vague term, "when it would have been just as easy" to say precisely what was meant.

The whole difficulty lies in the obscure and involved statement of the law. The legislators undertook to do what has been successfully done elsewhere. By adding a few words they could have made the law so plain that there would have been no room for dispute. Without doubt the Oregon Legislature intended to draw the law so as to give a first lien to mechanics and materialmen to the extent of their claims. The idea of all such legislation is to save to a mortgage all its original security, but to give all added value to the claimants who have created it. It is for that reason that I believe the intent was to give a first lien on the building for alterations and repairs; the theory being that a first lien for added value

to the mechanic or materialman does not impair the prior mortgage security. This is fallacious for two reasons: In the first place, a first lien is always better security, even when the property is ample for two or more liens. Second, new work and material do not always augment the total value. The owner of the building may change it at great expense to fit it for another purpose, destroying as much value as is created. In that case, to give a first lien to work and material over a prior mortgage subtracts from the original mortgage security to the extent of the lien claims. Where an entire new building, or an addition which can be separated and moved, are added, the mortgage security is not lessened by giving such lien priority, because the building can be moved, as provided by statute. The difficulty arises when the improvements or alterations are inseparable from the original building.

The Oregon statute is peculiar, because it is the only one of its class I have found that specifies alterations and repairs. This seems to me to show that the intent was to give them a first lien for their value. Other states have done this successfully.

An Illinois statute provides that the labor and material liens shall be superior to the extent that they have added to the value of the property, and in case of foreclosure the proceeds of the sale are prorated accordingly between mortgage and lien.

Alabama has a statute which provides that a lien for a building or improvements shall give rise to a lien on the building and on the land to the extent in ownership of the party having the work done. Plainly, a fair construction of this law requires full recognition of the mortgage, because that is an estate carved out of the fee-simple estate, and the lien upon the owner's interest could not impair the security of the mortgage, and it was so decided by the Alabama Supreme Court in Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305. The Alabama court, however, by virtue, as it claimed, of its general equity powers, went further, and ordered recognition of both mortgage and lien upon the basis provided by the Illinois statute.

Iowa has a statute which expressly gives priority to a mortgage in case of conflict between a mortgage and subsequent

lien, except that the court may order both land and building sold and the proceeds prorated.

The Montana statute is most nearly like that of Oregon. It provides that liens—

"shall attach to the buildings, erections or improvements for which they were furnished, where the work was done, in preference to any prior lien or incumbrance, or mortgage upon the land upon which said buildings, erections or improvements have been erected or put." Comp. St. Mont. 1887, § 1376.

In Johnson v. Puritan M. & M. Co., 19 Mont. 30, 47 Pac. 337, the Montana Supreme Court held that a prior mortgage under that law was superior to a subsequent lien, except when the improvements were severable; but it is plain from the opinion that the court was discussing additions to the property, and not merely alterations or repairs, which are unnamed, and that the court held improvements to mean additions. This Montana statute provides for the removal of severable buildings and improvements.

A case somewhat like this, but depending solely upon equitable principles, is Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 17 Sup. Ct. 7, 41 L. Ed. 327. In that case a mortgage was given upon a partially constructed irrigation canal. The mortgage specifically provided that after-acquired property should be subject to the mortgage. Several months later a firm of contractors constructed certain portions of the canal and claimed a lien prior to the mortgage. The claim was upheld by the Utah Supreme Court and by the United States Supreme Court; the argument being that, although the mortgage rightfully embraced after-acquired property, yet this right was equitably subject to the contractors' lien, for the reason that the property did not come into being, except through the work of the contractors, and therefore the latter had an equitable lien upon the value they had created, superior to the prior mortgage. The court went further and gave a first lien on the entire canal.

The difficulty with the Oregon-Alaska law is that it seeks to recognize the principle of equitable liens, while losing sight of the fact that in many cases, as already stated, much valuable work and material may be placed upon property without adding to its value, being wholly alterations, and to give this

work and material a lien superior to the prior mortgage materially lessens the security of the mortgage.

In arguing against this latter condition, counsel for the mortgagee in this case, like many learned justices of courts which have passed upon the question, seems inclined to place the superiority of the prior mortgage over the liens partly upon the ground that a contrary holding would violate due process of law, the obligation of contracts, and vested rights. This reasoning ignores the fact that it has been decided in numerous cases by the Supreme Court, and many other courts, that it is only retrospective laws which violate those principles, for the reason that all contracts are held to be made in contemplation of existing laws.

This argument is weaker in this case, because the law is a congressional enactment, although lifted verbatim from the state of Oregon, and Congress has plenary power over the territories. Congress is not even forbidden by the federal Constitution to enact ex post facto laws; that inhibition rests only upon the states. There is no question of the power of Congress to pass this law for Alaska with the construction I have heretofore placed upon it, however drastic and inequitable the rule that results. This would be true, even if the same act as an Oregon statute were forbidden by the Constitution of that state.

The principle involved herein seems to me to be somewhat akin to that laid down in the Holy Trinity Church Case, 143 U. S. 457, 459, 12 Sup. Ct. 511, 512 (36 L. Ed. 226), in which Mr. Justice Brewer said:

"It is a familiar rule that a thing may be within the letter of the statute, and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted, and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

In this case I think the unquestioned intent of the Oregon Legislature was to give a mechanic's lien to the full extent of

the claim upon the property improved; but I do not think the Legislature intended in accomplishing that result to confiscate security already belonging to another.

Upon mature reflection and consideration, I have decided that the provision of the statute in question is susceptible of the construction contended for by the mortgagee, and because that construction will produce a far more equitable result in this case, and all cases like it, I will overrule my former decision, and direct a finding that the mortgage is superior to the liens.

⚛═⯈See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes