**Evelyn HAMMER, as Executrix of the Estate of Donald C. Hammer, Deceased, and Evelyn Hammer, Plaintiffs,**

**v.**

**Elaine CHAPIN, also known as Elaine Catherine Chapin and Mrs. Dee Chapin, and United States of America, Defendants.**

**Civ. No. 1296.**

United States District Court
D. Montana,
Helena Division.

Aug. 1, 1966.

Paul W. Smith, J. Miller Smith and Chadwick Smith, Helena, Mont., for plaintiffs.

Stanley P. Sorenson, Helena, Mont., for defendant, Elaine Chapin.

Moody Brickett, U. S. Atty., Donald A. Douglas, Asst. U. S. Atty., Butte, Mont., for United States.

SMITH, District Judge.

This action to foreclose a mechanic's lien [1] was commenced in the state court and removed [2] to this court by the Small Business Administration, hereinafter called SBA, an agency of the United States.

---

1. Section 45–501 to 45–512, R.C.M.1947.

2. 28 U.S.C. §§ 1441–1442.

In May, June and July, 1963, plaintiffs' predecessor performed work and furnished material for a log building erected on a tract of land owned by Dee Chapin. Chapin failed to pay an amount of $849.00. Within ninety days after the last item of work was performed and on August 23, 1963, a notice of lien was filed. The validity of the lien is not challenged, and as of August 23rd it constituted a first encumbrance on the building and the land under the law of Montana.

The dispute between plaintiffs and defendant Chapin presents problems relating to creditor's claims and mechanic's liens. The work was completed on June 12, 1963. On July 21, 1963, defendant, Dee Chapin, died. On August 23, 1963, the notice of lien was filed naming Dee Chapin, deceased, Mrs. Dee Chapin (the defendant here) and the estate of Dee Chapin, as the owners. The estate of Dee Chapin was probated and notice to creditors given. Plaintiffs did not file a creditor's claim in the Dee Chapin estate.

Defendant Chapin claims the lien was lost for failure to file the creditor's claim.[3] The Montana Supreme Court has not decided the exact problem. The Supreme Court of Washington, under a creditor's claim statute barring "any claim" (not just claims arising upon contract) has said that the word "claim" is equivalent to "cause of action" and that a mechanic's lien is lost if the creditor's claim is not filed. F. T. Crowe & Co. v. Adkinson Const. Co., 67 Wash. 420, 121 Pac. 841 (1912). The Supreme Court of South Dakota, reasoning that there ought to be no difference between the treatment accorded mortgages and mechanic's liens, reached the opposite result under a statute almost identical with Section 91–2704, R.C.M. 1947. Fish v. De Laray, 8 S.D. 320, 66 N.W. 465 (1896).

For reasons different from those advanced by the South Dakota court this court reaches the same result. While contracts, express or implied, may be necessary to the existence of a mechanic's lien, the lien does not depend upon a contract between the lienor and the owner. If A, landowner, lets a contract to B to build a house and B hires C to perform labor, C, if unpaid, has a lien. That lien does not stem from any contract between A and C. C—creditor's claim or no—could never establish a debt against A's estate. The Supreme Court of Montana, approving the language of Van Stone v. Stillwell & Bierce Mfg. Co., 142 U.S. 128, 12 S.Ct. 181, 35 L.Ed. 961 (1891)[4] held that it is the furnishing of the labor or

---

3. Section 91–2704, R.C.M.1947, provides as follows:

"All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever * * * and * * * provided, further, that nothing in this chaper contained shall be construed as to prohibit the right, or limit the time, of foreclosure of mortgages upon real property of decedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the manner prescribed by the provisions of this code, other than those of this chapter, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate unless such debt was presented as required by the provisions of this chapter."

4. "This lien [mechanic's lien] is a creature of the statute, and was not recognized at common law. It may be defined to be a claim created by law for the purpose of securing a priority of payment of the price and value of work performed and materials furnished in erecting or repairing a building or other structure, and as such it attaches to the land as well as the buildings erected thereon. 15 Amer. & Eng.Enc.Law, 5. Now, it is not the contract for erecting or repairing the building which creates the lien, but it is the use of the materials furnished and the work and labor expended by the contractor, whereby the building becomes a part of the freehold, that gives the material-man and laborer his lien under the statute. The lien is brought into operation by virtue of the statute, and the contract for building is entered into presumably in view of, or with reference to, the statute." Van Stone v. Stillwell & Bierce Mfg. Co., 142 U.S. 128, 136, 12 S.Ct. 181, 183 (1891).

materials and not the contract which creates the lien. Smith v. Gunniss, 115 Mont. 362, 144 P.2d 186, 189 (1944).

■ The court concludes that the mechanic's lien is not a claim arising upon a contract and that the lien was not lost because a creditor's claim was not filed.

■ On January 21, 1965, defendant Elaine Chapin, successor to Dee Chapin, mortgaged the land and building to SBA to secure a note in the face amount of $55,000.00. At some time, the exact dates not being disclosed by the record, SBA disbursed amounts totaling $48,000.00. The mortgage provides that the mortgagor shall pay taxes and assessments, provide insurance, discharge liens and protect the property. If mortgagor fails to do these things mortgagee may do them. The amounts which may be thus expended by SBA are secured by the mortgage. The defendant Chapin is not insolvent.

The United States, notwithstanding its actual and constructive knowledge of the mechanic's lien and its opportunity to protect itself by withholding sufficient of the loan proceeds to retire the lien, seeks (without foreclosing its mortgage) to establish the priority of its mortgage over the lien.

The court is loathe to reach the result sought by the United States. Unless compelled—by Congress or by the unequivocal expression of a higher court—it will not do so.

The exact problem presented by SBA's claimed priority is not controlled by statute, nor has the problem been quite reached by the cases. Most of the decisions which lend weight to SBA's position involve either the insolvency [5] or the tax lien [6] statutes. Both statutes extend the lien of the United States to all of the property of the debtor.[7] Many cases point to the path the United States seeks to travel but none quite reach the desired destination.[8]

"In the absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards." Clearfield Trust Co. v. United States, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943); Bumb v. United States, 9 Cir. 1960, 276 F.2d 729, 736. The Supreme

---

5. Of this statute, 31 U.S.C. § 191, the Supreme Court said:

Section 3466 on its face permits no exception whatsoever from the statutory command that "[w]henever any person indebted to the United States is insolvent * * * debts due to the United States shall be first satisfied." The statute applies to all the insolvent's debts to the Government, whether or not arising from taxes, and whether or not secured by a lien. United States v. State of Vermont, 377 U.S. 351, 357, 84 S.Ct. 1267, 1270, 12 L.Ed.2d 370 (1964).

6. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

7. In the case of tax liens, limited statutory exceptions are granted by Section 6323 of 26 U.S.C.

8. W. T. Jones & Company v. Foodco Realty, Inc., 4 Cir. 1963, 318 F.2d 881, giving priority to a SBA mortgage over a subsequently arising mechanic's lien was decided under the insolvency statute.

In Re Lehigh Valley Mills, Inc., 3 Cir. 1965, 341 F.2d 398, involving a SBA mortgage and certain Pennsylvania corporation taxes, was decided under Section 646 of 15 U.S.C. which delineates state tax lien priorities where SBA mortgages are involved.

United States v. Latrobe Construction Co., 8 Cir. 1957, 246 F.2d 357, held a federal mortgage prior to miners' liens arising out of work done after the execution and recording of the mortgage.

United States v. County of Iowa, 7 Cir. 1961, 295 F.2d 257, held a federal mortgage taken in 1953 prior to the lien of state real estate taxes for the years 1954, 1955 and 1956.

Southwest Engine Co. v. United States, 10 Cir. 1960, 275 F.2d 106, held a federal mortgage superior to a mechanic's lien based on work done after the mortgage was executed and recorded.

Court has approved the first in time, first in right doctrine as a method of determining priorities. Rankin v. Scott, 12 Wheat. (25 U.S.) 177, 6 L.Ed. 592 (1827); United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Here plaintiffs' lien is first in time and while not possessed of the degree of perfection necessary to compete with a federal tax lien, it is perfected enough under local law to precede subsequent rights acquired by any lender or purchaser except possibly the United States. Remembering that the United States has not chosen to act as a sovereign [9] and that federal liens do not have any special quality of perfection or priority simply because they are federal,[10] what standard should be fashioned.

The Montana mechanic's lien law expresses a policy which has existed in Montana since 1895, and which exists in some form in many states. The policy in many cases prefers the mechanic's lien over the mortgage.

In terms of the certainties of which the decisions speak, the mechanic's lien is certain in the identity of the lienor, the lienee and the property affected. A judicial approval of the statutory formalities and determination of the amount due is lacking. In this however, the lien is not different from the mortgage. Controversy can exist as to the formalities of the execution and recording of a mortgage and the amount due under it. In case of both the mortgage lien and the mechanic's lien, a decree and a sale are necessary to divest the debtor of his title.[11] In light of these considerations and where, as here, the United States can protect itself by not making a loan or by doing as most lending institutions do, withholding sufficient funds to pay the lien if established, there seems to be no reason to establish a federal rule differing from the local rule.[12]

The case of Bumb v. United States, supra,[13] wherein the Ninth Circuit held a SBA mortgage void because of a failure to comply with the California Bulk Sales Law is apposite.

9. The destruction of prior liens by the insolvency statute and the elimination of enforceable rights by the taxing statutes is a taking not possible except by the exercise of sovereignty.

10. See, United States v. State of Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964).

11. Some decisions seem to imply that a mortgage is possessed of a degree of certainty superior to that of the mechanic's lien. It is perhaps true that most mortgages secure notes and that most mechanic's liens secure unliquidated amounts and that proof of amount due generally is easier in a mortgage foreclosure. In either event (at least after the notice of mechanic's lien has been filed) the statutory requirements of the mechanic's lien law or the mortgage law have or have not been met and nothing is due or some certain amount is due, except of course that some uncertainty as to amount exists in the mortgage case because of the right of the lender to make advances for specified purposes. The point is that the facts do exist. Any uncertainty lies in the capacity of the court, in the event of a controversy, to determine the pre-existent facts. If this uncertainty is a truth which courts must take into account, it exists quite as well in the mortgage case as in any other.

12. The court does not intimate what the opinion would be if the mortgage were taken after the lien rights accrued but before the notice of lien was filed.

13. Cited with approval by Justice Fortas in United States v. Yazell, 382 U.S. 341, 347, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), where SBA was required to comply with Texas' Coverture Law.