**Henry A. AULT, d/b/a Hank Ault Well Drilling, Plaintiff,**

v.

**John Madison HARRIS, Jr., et al., Defendants.**

**Civ. No. A–75–66.**

United States District Court,
D. Alaska.

Oct. 21, 1968.

Robison, McCaskey & Strachan, Anchorage, Alaska, for plaintiff.

Marvin S. Frankel, U. S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM OF DECISION AND ORDER

PLUMMER, Chief Judge.

Between October 25 and October 31, 1965, plaintiff furnished labor and material for an improvement to certain land, namely the installation of an original well on Lot 1, Block 2, of the Turnagain Subdivision, No. 2. On January 18, 1966, plaintiff's claim of lien was timely filed. Plaintiff's affidavit filed February 23, 1968 recites that the charge for his services in constructing the well was $920.00, which was the amount that was contracted for with the Harrises and was the fair value for constructing the well. This affidavit is not disputed or controverted.

On October 19, 1965, John and Myra Harris executed and delivered a promissory note and a deed of trust on Lot 1, Block 2, of the Turnagain Subdivision, No. 2, to the SBA. After the construction of the well had been completed, this deed of trust was recorded on November 16, 1965.

Plaintiff and the defendant USA have both moved for summary judgment. The principal question for determination is the relative priority between the claims of the respective parties.

The United States contends that its claim has priority under § 191 of Title 31, United States Code. To prevail under this contention, not only must the Government establish the insolvency of the debtors, but the insolvency contemplated by the statute must be manifested by one of the acts specified therein, i. e., an act of bankruptcy, a voluntary assignment of the debtor's property, or an attachment of the property of an absconding, concealed, or absent debtor. United States v. Clover Spinning Mills Company, 373 F.2d 274 (4th Cir. 1966). Other than the assertion of this contention by the United States in its memorandum, there is nothing of record to establish or to suggest that the Harrises were or are insolvent. If persons indebted to the United States are not insolvent, the United States does not have priority in regard to the payment of indebtedness owing it. Consequently, the argument of the United States predicated upon § 191 of Title 31, United States Code, is not applicable to the facts here presented.

The United States also contends that under general federal law its claim is prior to plaintiff's claim of lien under the doctrine of first in time, first in right, in that its trust deed was recorded prior to the recording of the plaintiff's claim of lien. No statute or regulation has been cited by the United States which would give it priority under the circumstances here existing. Its primary argument is to the effect that since Government moneys are involved, it is the duty of officials of the United States to protect the public treasury, that federal rather than state law applies, and that the doctrine of first in time, first in right, should be applied. While recognizing the importance of protecting federal moneys, it would seem that greater diligence and vigilance on the part of those controlling Government moneys prior to their being disbursed would adequately accomplish this without working a hardship on laborers and materialmen. The protection of the Federal Treasury should not be control-

ling where, as here, the SBA was engaging in local money-lending transactions.

The United States has cited numerous cases involving tax liens in support of its first in time, first in right argument. Most, if not all of these cases, were decided prior to the enactment of the Federal Tax Lien Act of 1966, (P.L. 89–719), which became law on November 2, 1966. Section 6323 of Title 26, United States Code, as amended by P.L. 87–719, provides in subsection (h) (2) as follows:

"The term 'mechanic's lienor' means any person who under local law has a lien on real property (or on the proceeds of a contract relating to real property) for services, labor, or materials furnished in connection with the construction or improvement of such property. For purposes of the preceding sentence, a person has a lien on the earliest date such lien becomes valid under local law against subsequent purchasers without actual notice, but not before he begins to furnish the services, labor, or materials."

The legislative history of the Federal Tax Lien Act of 1966 appears in Volume 3, U.S.Code Congressional and Administrative News, and at page 3734, states as follows:

"(b) Mechanic's Lienor.—Under the bill, a 'mechanic's lienor' is a person who, under local law, has a lien on real property (or on the proceeds of a contract relating to real property) for furnishing services, labor, or materials in connection with the construction or improvement of the property. A Mechanic is considered to have this lien under the bill as of the time the mechanic begins to furnish services, labor or materials, or, if later, the time when his lien is effective under local law. This protects mechanics under most state laws, where the mechanic's lien arises as of the time when the mechanic commences his labor or begins supplying material, even though he does not perfect his lien (such as by filing or by securing a judgment) until long after this time."

Congress in the field of Federal tax liens has clearly expressed its intention that the priority between Federal tax liens and mechanic liens be determined by local law. The collection of taxes is basic to the operation and the very existence of the Federal Government. No good reason has been advanced by the United States which would justify this Court in adopting in the present situation, where the SBA was operating as a mere money-lending agency, a rule more stringent than that deemed necessary by Congress in the more important field of taxation.

If Alaska law were to be applied to the federal situation presented by this case, there is no question but that plaintiff's claim of lien would prevail over the trust deed of the United States. Under Alaska law, lien claims duly established, take precedence over deeds of trust insofar as original construction is concerned and in instances where the other encumbrance attaches to the land after, or is unrecorded when, the improvement is started. All of the labor and materials here involved were furnished and the improvement completed prior to the recordation of the trust deed of the United States.

It is recognized that the Court must apply federal and not state law. However, Congress has enacted no legislation which establishes a federal rule for the acquisition of security interests by the SBA or any uniform or other system for the recording of such security interests. Nor is there legislation indicating a Congressional intent to exempt such security interests from the requirements of local law which govern the validity of security interests in respect to all other lenders.

SBA in its money-lending activities availed itself of a deed of trust, a form of security instrument created by state and not federal law. It utilized the statutes of the State of Alaska insofar as recordation and securing its lien were concerned. It was fully aware that under Alaskan law a mechanic's lien such as that now being claimed by plaintiff

was preferred to prior recorded mortgages and trust deeds. In the light of these considerations and where, as here, the United States could protect itself by not making a loan or by doing as most lending institutions do, withholding sufficient funds to pay the lien if established, there seems to be no reason to establish a federal rule differing from the local rule. Hammer v. Chapin, 256 F. Supp. 818 (D.Mont.1966).

The United States has not brought to the Court's attention a case or cases establishing a uniform federal rule or policy in cases of this nature. Congress has not expressed an intent to exempt SBA from the requirements of local law which govern the activities of all other lenders. Congress has, in the field of federal tax liens, declared that priority shall be determined by local law. The public policy on which the Alaska lien laws are predicated is the protection of those who have enhanced or increased the value or condition of property by their labor or materials. The principle upon which it rests is that of unjust enrichment.

In the absence of controlling decisions or an Act of Congress to the contrary, it is for the federal courts to fashion the governing rule of law according to their own standards. Clearfield Trust v. United States, 318 U.S. 363, 367, 63 S. Ct. 573, 87 L.Ed. 838. For the foregoing reasons and the rationale of Bumb v. United States, 276 F.2d 729 (9th Cir. 1960); United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966); and Hammer v. Chapin, *supra*, the Court adopts as the applicable federal rule in this case that which Congress declared controlling in the Federal Tax Lien Act of 1966, 26 U.S.C.A. § 6323 as amended, namely, local law.

It is therefore ORDERED as follows:

1. Under the circumstances of this case, the SBA found it commercially convenient to adopt Alaska state law as the federal policy in this case.

2. The claim of the United States under its deed of trust is subordinate to plaintiff's claim of lien.

3. The motion for summary judgment by the United States is denied.

4. Plaintiff as a matter of law is entitled to a summary judgment decreeing his claim of lien in the amount of $920.-00 to be prior to all other liens or claims.

5. That plaintiff's claim of lien be foreclosed by a decree of this court ordering that the real estate which is the subject matter of this action be sold according to law and that the proceeds of said sale be first applied to the satisfaction of plaintiff's judgment.

6. If authorized or permitted by law, that plaintiff be awarded his costs, including a reasonable attorney's fee.

7. That counsel for plaintiff within fifteen (15) days from the date of this order prepare, serve and submit an appropriate form of a proposed judgment.