**THORPE CONSTRUCTION COMPANY, INC., an Alaska corporation, Plaintiff,**

v.

**IRVIN & COMPANY et al., Defendants.**

**Frank LEE, Defendant and Third-Party Plaintiff,**

v.

**NATIONAL SURETY CORPORATION, a New York corporation, Third-Party Defendant.**

**Civ. No. A–95–73.**

United States District Court, D. Alaska.

Nov. 6, 1973.

Kay, Miller, Libbey, Kelly, Christie & Fuld, Anchorage, Alaska, for plaintiff.

Hugh G. Wade, Anchorage, Alaska, for defendant Irvin & Co.

Edgar Paul Boyko & Associates, Anchorage, Alaska, for defendants Frank Lee, Norma Lee and Golden Rickshaw.

Birch, Jermain & Horton, Anchorage, Alaska, for Alaska Local Development Corp.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for Small Business Administration.

John S. Hellenthal, Anchorage, Alaska, for defendants Joseph Wayer and Magdalena Wayer.

Debenham & Snow, Anchorage, Alaska, for Debenham Electric Supply.

Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, Alaska, for defendant Electrical Distributors, Inc.

Reynolds & Tobey, Anchorage, Alaska, for Blatchford Roofing Co.

Cole, Hartig, Rhodes & Norman, Anchorage, Alaska, for defendant Thermoguard Insulation Co.

Holland & Thornton, Anchorage, Alaska, for Commercial Contractors, Inc.

Hugh B. White, Anchorage, Alaska, for Central Plumbing & Heating, Inc.

## OPINION

PLUMMER, Senior District Judge.

This case comes before the court on motion by plaintiff Thorpe Construction Company, Inc., (Thorpe) for partial summary judgment on the issue of priority of liens on subject property against Alaska Local Development Corp. (ALDC), Small Business Administration (SBA), and Joseph and Magdalena Wayer, husband and wife. ALDC does not contest the matter. The claim against SBA will be handled first, followed by the claim against the Wayers. This court has jurisdiction under 28 U.S.C. § 1444.

The subject property involved in this case is realty described as Golden Rickshaw and Peanut Farm, Campbell Creek Commercial Tract, Tracts J and K, Anchorage Recording District, Third Judicial District, State of Alaska. Defendant SBA claims an interest in subject property by virtue of a deed of trust executed by defendant Golden Rickshaw, Inc., as trustor to Alaska Title Guaranty Company as trustee for the benefit of ALDC. ALDC assigned this deed of trust to SBA on June 22, 1972; said deed being recorded on July 6, 1972.

Plaintiff claims a mechanic's lien by its alleged actions of furnishing labor and materials for an improvement to the property during a period between September 1 and November 4, 1972.

Although plaintiff's lien arose subsequent to SBA's interest, plaintiff claims its interest should have priority, based on A.S. 34.35.060(c) which establishes priority in favor of mechanic's liens over pre-existing mortgages when the lien attaches in the performance of original construction. Brand v. First Federal Savings & Loan Association of Fairbanks, 478 P.2d 829 (Alaska 1970). For purposes of this statute, a deed of trust and a mortgage are not differentiated. *Brand; Cf*. A.S. 34.20.110. For plaintiff's claim against SBA, the court will assume that plaintiff was performing "original construction" as required by the statute.

█ Both parties agree that federal law controls when a lien of the United States is involved and that no federal statute controls this situation. The issue is to determine the content of the federal common law. *Cf*. Clearfield Trust Co v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). SBA contends first the federal rule in this field is "first in time, first in right" relying upon United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). This court has rejected the *New Britain* rule in Ault v. Harris, 317 F.Supp. 373 (D.Alaska 1968), aff'd per curiam (by adoption) 432 F.2d 441 (9th Cir. 1970), and does so again here. SBA suggests secondly that the rule is that established by the Federal Tax Lien Act of 1966, 26 U.S.C. § 6323. Plaintiff contends the federal law adopts completely local law citing *Ault*.

*Ault* involved a mechanic's lien which arose subsequent to the assignment of a deed of trust to the SBA but *prior* to its recordation. The lien was recorded after the deed of trust was recorded. The instant case involves a mechanic's lien which arose *after* the assignment and

recordation by the SBA of a deed of trust. Plaintiff asserts such difference is inconsequential because *Ault* arguably found federal law in such situation to embrace fully local law by which a subsequent mechanic's lien would have priority over an earlier deed of trust. *Brand, supra*. SBA, noting the extensive reference to the Tax Lien Act, 26 U.S.C. § 6323 in *Ault,* asserts such difference is crucial because *Ault* followed that Act and adopted local law only to the extent allowed by the Act. Under 26 U.S.C. § 6323(h)(2) a mechanic's lien will not be given priority unless the labor and materials were furnished earlier than the commencement of the federal lien.

In its holding, *Ault* stated as follows at 376:

> " . . . For the foregoing reasons and the rationale of Bumb v. United States, 276 F.2d 729 (9th Cir. 1960); United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 . . ., and Hammer v. Chapin, [256 F.Supp. 818 (D.Mont.1966)], the Court adopts as the applicable federal rule in this case that which Congress declared controlling in the Federal Tax Lien Act of 1966, 26 U.S.C.A. § 6323 as amended, namely, local law."

*Bumb, Yazell* and *Hammer* upheld the application of state laws in circumstances invoking federal common law. *Bumb* concerned a transaction in which SBA claimed it was exempt from the California Bulk Sales Act. The Court recognized that such Act represented a " . . . well established policy of all the states of the Union, . . . " *Bumb* 276 F.2d at 738. In the instant case, however, A.S. 34.35.060(c) represents a distinctly minority codification of mechanic's lien laws. *See* 57 C.J.S. Mechanics' Liens § 200a at 752, 753 (1948); and 1966 U.S.Code Cong. & Admin.News, Federal Tax Lien Act of 1966, pp. 3722, 3734. The facts in *Ault* lent themselves to the *Bumb* rationale; that is, the furnishing of labor and materials earlier than the recordation of the deed of trust gave the mechanic lien-

or priority under the laws of the majority of jurisdictions. The instant facts would require this court to adopt as federal common law the peculiar section of Alaska law by which even a subsequent furnishing of labor and materials would allow the mechanic lienor priority over an earlier recorded deed of trust. Such a conclusion would go beyond the holding of *Bumb*.[1] This court will not construe *Ault* so broadly.

Movant Thorpe cites two cases supporting its contention that A.S. 34.35.-060(c) should control this case. Hayden v. Prevatte, 327 F.Supp. 635 (D.S.C. 1971) and Connecticut Mutual Life Ins. Co. v. Carter, 446 F.2d 136 (5th Cir. 1971). These cases concerned the priority accorded attorneys' fees in government mortgage situations. Both Courts noted that the non-government parties would prevail in similar tax lien situations under the Federal Tax Lien Act of 1966. *See* 26 U.S.C. § 6323(b)(8). Thus, the cases are similar to *Ault*. Neither case upheld state laws granting the non-government parties rights beyond the Tax Lien Act.

The *Ault-Prevatte-Carter* line has been criticized by the Second and Tenth Circuits and the Court of Claims for deviating from the "first in time, first in right" rule of *New Britain* absent Congressional authorization. *See* United States v. General Douglas MacArthur Senior Village, Inc., 470 F.2d 675 (2nd Cir. 1972); T. H. Rogers Lumber Co. v. Apel, 468 F.2d 14 (10th Cir. 1972); and Aetna Insurance Co. v. United States, 456 F.2d 773, 197 Ct.Cl. 713 (1972). While such criticism does not persuade this court to depart from the equitable and precedentially sound solution of *Ault*, such criticism constitutes a consideration in dissuading this court from going beyond the *Ault* facts and adopting the unique provision of the mechanic's lien law of Alaska.

■ The Thorpe-Wayer controversy centers around three main issues: (1) whether the construction performed constituted "original construction," (2) whether Tract J is separate and distinct from Tract K, and (3) whether the liens in question are valid.[2]

■ Lynch v. McCann, 478 P.2d 835 (Alaska 1970), is the only case discussing "original construction," a term unique to Alaska's laws. Under A.S. 34.35.060(c) a subsequent mechanic's lien is prior in right to a pre-existing mortgage only if the work was "original construction." That case established no clear test for original construction, but stated such standard ". . . must await decisional delineation." *Id.* at 838. The Court did suggest as a guideline:

". . . where the construction preceded all other construction in and

---

[1]. *Yazell* involved unique state laws concerning ". . . family and family-property arrangements . . . ." The Court found those areas should be left to the states absent ". . . clear and substantial interests of the National Government. . . ." *Id.* 382 U.S. at 352, 86 S.Ct. at 507. The instant case does not concern family or family-property arrangements; thus *Yazell* is not applicable. It has been suggested that federal common law should give greatest deference to state law in cases involving the ". . . tightly knit complex of doctrines such as property law. . . ." *See* Note, The Federal Common Law, 82 Harv.L.Rev. 1512, 1518 (1969). Cases suggest, however, that unique property laws will be adopted only in the domestic relations area as in *Yazell*. Relatively uniform state laws concerning property, and in some cases contracts, will be adopted in broader areas. *See, e.g., Bumb, supra*; and United States v. Wegematic Corp., 360 F.2d 674, 676 (2nd Cir. 1966). Hammer v. Chapin, *supra*, involved a fact situation similar in principle to *Ault*. The mechanic's lien arose before the SBA security interest. The *Hammer* court refused to follow the *New Britain* inchoateness test and held for the lienor noting that the Montana mechanic's lien law existed in similar form in many states. *Id.* 256 F.Supp. at. 821.

[2]. As counsel for plaintiff noted, defendants' brief was not filed in a timely manner as set forth by Court Rule 5(B)(2). Such action subjects defendants to the procedure established in Court Rule 5(B)(4). The court considered the untimely brief in this case.

upon a given area of vacant or cleared land." *Id.* at 838.

In *Lynch* an addition approximately one-seventh as large as the existing building was held not to constitute "original construction." The addition

" . . . was designed and constructed as part of the old building rather than as a separate structure. . . . " *Id.* at 836.

According to the blueprints of the construction area, the Golden Rickshaw building was apparently a separate structure and not constructed as a part of the smaller existing Peanut Farm building. Also, on the building permit issued by the Greater Anchorage Area Borough, the construction was described as "new" as opposed to other boxes entitled "alteration," "addition," "repairs," and "other." However, defendant Joseph Wayer stated by affidavit that the building

" . . . was designed architecturally to be connected to the existing Peanut Farm and to conform and blend with it architecturally. . . . "

On the record before the court, the court concludes that the Golden Rickshaw constituted "original construction" under A.S. 34.35.060(c) and *Lynch*.

The issue arising from the separate nature of Tracts J and K has not been clearly presented to the court, nor has it been briefed sufficiently.

The issue arising from a discrepancy in the amount of the liens is not critical to determining the priority of such liens under the circumstances of this case. The amount of the liens may be established by agreement of the parties or through subsequent litigation.

Accordingly, it is ordered:

1. There is no genuine issue as to any material fact insofar as plaintiff's motion for partial summary judgment against defendant Alaska Local Development Corporation is concerned and said motion is hereby granted.

2. Plaintiff's motion for partial summary judgment against defendant Small Business Administration is denied.

3. Plaintiff's motion for partial summary judgment against defendants Joseph and Magdalena Wayer is denied without prejudice.

4. Plaintiff may have thirty (30) days in which to serve and resubmit its claim accompanied by legal support and factual documentation concerning the issue arising from the separate nature of Tracts J and K. Defendants Wayer may have fifteen (15) days after the service upon them by plaintiff to serve and file a brief and accompanying documents responding to plaintiff's claim and argument. Plaintiff may within five (5) days after service upon it serve and file a reply brief. The court concludes that the Golden Rickshaw was an improvement in its "original construction;" thus, parties should not address themselves to this issue. Similar disposition is made concerning the question arising from the discrepancy in the total lien amounts, and the parties should not address themselves to this issue either.