David R. LAMBERT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–403.

Court of Appeals of Alaska.

Feb. 8, 1985.

Thomas J. Meyer and William R. Satterberg, Jr., Fairbanks, for appellant.

Robert C. Anderson, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

David R. Lambert was convicted of driving while intoxicated, AS 28.35.030(a)(1), which provides:

> A person commits the crime of driving while intoxicated if the person operates or drives a motor vehicle ... (1) while under the influence of intoxicating liquor....

Lambert appeals raising three interrelated contentions. First, he contends that the phrase "intoxicating liquor" is so vague that its use in the statute deprived him of due process of law. *See State v. Erickson,* 574 P.2d 1, 20 n. 125 (Alaska 1978). Second, in a related argument, Lambert contends that the statutory phrase "intoxicating liquor" did not put him on notice that his drinking of two cough medicines, Nyquil and terpin hydrate, which contained alcohol, was within the statutory prohibition. Finally, Lambert objects to two jury instructions. The first, submitted with the other jury instructions at the close of the trial, told the jury that "a person is under the influence of intoxicating liquor and/or a controlled substance when he has consumed alcohol and/or a controlled substance to such an extent as to impair his ability to operate a motor vehicle." Lambert also objects to an instruction given after the jury had commenced deliberations and returned with a question whether Nyquil is an intoxicating liquor. Over defendant's objection District Court Judge Herschel E. Crutchfield instructed the jury that the alcohol found in Nyquil is the same as alcohol found in beer or liquor. We affirm.

The state's *prima facie* case against Lambert consisted of the testimony of Trooper Jeff Slamin. Slamin testified that he stopped Lambert because Lambert's vehicle was weaving within its own lane and had crossed the divider and the fog line. When he stopped Lambert, Lambert smelled of alcohol and refused to perform sobriety tests. At trooper headquarters Lambert was videotaped. The state argues that the videotape shows that Lambert's voice was slurred and his gait unsteady.

Lambert apparently concedes the state's *prima facie* case and apparently admits that he was under the influence of something while driving. His theory of defense apparently rested on the contention that he was driving under the influence of medicinal alcohol rather than recreational alcohol and that medicinal alcohol does not fall within the definition of "intoxicating liquor." He testified that for two weeks prior to his arrest he had been sick with a flu; he had been taking Contac, Nyquil, and terpin hydrate. On the evening of his arrest he had stopped at the Chatanika Lodge where he drank some coffee and some otherwise unidentified prescription cough medicine furnished him by the

lodge's owner. When asked at trial how he was measuring the cough syrup, Lambert said that "when he got to the top of his bottom teeth he would stop swallowing."

Lambert's expert witness, pharmacist Mark Gilberts, testified that Nyquil is 25% alcohol, which makes it 50 proof. Terpin hydrate is 41% alcohol, or 82 proof, and also contains codeine. Gilberts stated that the Nyquil bottle includes a warning not to drive while taking it.

At the close of trial, the jury was instructed, in relevant part, as follows:

> You are further instructed that a person is *under the influence of intoxicating liquor* and/or a controlled substance when he has *consumed alcohol* and/or a controlled substance to such an extent as to impair his ability to operate a motor vehicle. *Under the influence of intoxicating liquor* and/or a controlled substance means that the defendant *consumed some alcohol* and/or ingested a controlled substance, whether mild or potent, in such a quantity, whether great or small, that it adversely affected and appreciably impaired his actions.... [Emphasis added.]

The jury sent Judge Crutchfield the following note during deliberations:

> Judge, Is the alcohol in Nyquil considered an intoxicating liquor.

The judge responded:

> Jurors, The alcohol in Nyquil is the same as alcohol found in beer or liquor.

The jury found Lambert guilty of driving under the influence of intoxicating liquor. The jury specifically rejected alternate theories that Lambert drove under the influence of a controlled substance or under the influence of intoxicating liquor and a controlled substance.

Lambert contends that the phrase "intoxicating liquor" is not defined in AS 28.35.-030(a)(1) or anywhere else in the Alaska Statutes.[1]

■ Where the legislature uses a word or phrase without defining it, we should assume that it intended the phrase to have its common, ordinary meaning. AS 01.10.-040; *Lynch v. McCann*, 478 P.2d 835 (Alaska 1970). The common definition of "intoxicating liquor" is a beverage containing alcohol. For example, the definition from Black's Law Dictionary (5th ed. 1979) states an "intoxicating liquor" is:

> Any liquor used as a beverage, and which, when so used in sufficient quantities, ordinarily or commonly produces entire or partial intoxication. Any liquor intended for use as a beverage or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication when imbibed in such quantities as may practically be drunk.

1.  Prior to 1980, AS 04.20.010 provided:
    *Intoxicating liquor defined.* As used in this title, "intoxicating liquor" includes whiskey, brandy, rum, gin, wine, ale, porter, beer and all other spirituous, vinous, malt and other fermented or distilled liquors intended for human consumption and containing more than one per cent alcohol by volume.
    This statute was repealed in 1980. *See* Section 12, Chapter 131, SLA 1980 at 69. The only legislative history concerning the repeal states simply: "This section repeals the law this revision replaces." Supp. No. 23 at 22 in 1 Senate Journal (1980), following p. 658. The revision includes a definition of alcoholic beverages: AS 04.21.080(b)(1). The definition of alcoholic beverages is virtually identical to the former definition of intoxicating liquors. It provides:
    "alcoholic beverage" includes, but is not limited to, whiskey, brandy, rum, gin, wine, ale, porter, beer, and all other spirituous, vinous, malt and other fermented or distilled liquors intended for human consumption and containing more than one percent alcohol by volume.
    Given the reference in both statutes to "all other ... liquors," the addition of the phrase "but is not limited to" in AS 04.21.080(b)(1) seems surplusage. The term "alcoholic beverage" is used throughout Title 4 and there is no further reference to "intoxicating liquors." The implication is that the legislature, in revising Title 4, "Alcoholic Beverages," simply intended to substitute the term "alcoholic beverages" for "intoxicating liquor" wherever the latter had previously occurred. No similar substitutions were made in Title 28, "Motor Vehicles." The legislature thus viewed the phrases as interchangeable.

Black's at 738 (citations omitted).[2]

In summary, the evidence in this case clearly established that Nyquil and terpin hydrate contain alcohol. They are therefore intoxicating liquors within the common understanding of that phrase. In *Williford v. State*, 674 P.2d 1329, 1331 n. 3 (Alaska 1983), the supreme court said that when alcohol is the only cause of intoxication, a person can be found guilty under AS 28.35.030(a)(1), which simply prohibits driving while under the influence of intoxicating liquor. *Williford* further states that AS 28.35.030(a)(1) and (2) "give ample notice of what specific substances a driver should avoid." 674 P.2d at 1331. *Williford* is dispositive of Lambert's claim that the phrase "intoxicating liquor," as applied to alcohol, is unconstitutionally vague.

The foregoing disposes of Lambert's other arguments as well. Lambert's

expert witness established that Nyquil is an intoxicating liquor under the definition we have used. Consequently the trial court did not err in instructing the jury that a person is under the influence of intoxicating liquor when he has consumed alcohol, nor did he err in answering the jury's question by saying that the alcohol in Nyquil is the same as alcohol found in beer or liquor.[3]

The judgment of the district court is AFFIRMED.

---

2. The following definitions from the Oxford American Dictionary (1980) are also helpful:
   *Intoxicant.* Something that intoxicates, especially an alcoholic beverage.
   *Liquor.* Alcoholic drink.
   *Drink.* Liquid for drinking. 2. Alcoholic liquors. . . .

And finally
   *Beverage.* Any drink.

3. Lambert has not raised any issue regarding *mens rea.* Nor has he challenged any jury instruction and argue that it was "coercive."